In the Matter of the Trust Under the Will of HORACE BURR, deceased.

*New Castle, July* 15, 1919.

Where one of two testamentary trustees died the legal title to the trust property vested in the surviving trustee under the theory of joint tenancy, and it is unnecessary for the Chancellor to appoint a person to convey the title of such deceased trustee to the present trustees, to enable them to convey good title, in view of the express provisions of Revised Code 1915 §3870.

In case of two irreconcilable and inconsistent statutes, the later one will govern, though both statutes were carried into the Code of 1915.

PETITION by one of two trustees under the will of Horace Burr, deceased, for the appointemnt of a person to convey to both trustees the subject-matter of the trust. The facts sufficiently appear in the opinion of the Chancellor.

*William S. Hilles,* for petitioner.

THE CHANCELLOR. By petition it appears that one of two testamentary trustees was permitted to resign, a new trustee was appointed in his place, and he was ordered to convey and transfer to the other old and the new trustee his interest in the trust

property. This he omitted to do and is now dead. The new trustee asks that a conveyance and transfer of the trust property which includes real property, be made to him by some person to be appointed by the Chancellor for that purpose.

The language of Section 3870 of the Revised Code (p. 1759) is clearly sufficient to vest in the new trustee all the title and estate which the discharged trustee had in and to the trust property, without any act or deed either of the discharged trustee, or his surviving cotrustee, or any one else; and the new trustee would take title as joint tenant with his cotrustee.

It is urged, however, that an earlier act embodied in Section 3869 of the Revised Code is inconsistent with later one (Section 3870), and as both were re-enacted simultaneously by the adoption of the new Code of 1915, and as part thereof, and as the Court had directly ordered the conveyance, there was doubt whether any title to the real estate was vested in the new trustee.

For the purpose of conveying the legal title to the trust property the joint deed of the surviving original trustee and the substituted trustee would be sufficient, for the legal title thereto on the death of one of the two original testamentary trustees vested in the surviving trustee, such survivorship being, of course, a feature of joint tenancy. If made pursuant to the trust, the equitable title would also pass, and this result would follow whether the legal title be in the substituted trustee or not.

For every purpose the effect and operation of Section 3870 is to vest in the substituted trustee the legal as well as the equitable estate in the trust property, notwithstanding the earlier statute and the order of court whether made inadvertently, or not. The earlier statute has no reasonable purpose since the later and more comprehensive and inconsistent enabling act was passed. There is no reason why if irreconcilable with the later one, the latter should not stand as though the earlier one had been repealed. So, too, as to the order of the court. Obviously it was unnecessary to order the conveyance. The court cannot by making an unnecessary order repeal a statute, or nullify its force and effect in a particular case. If the statute vests the title without other act or deed then the order of the court for a deed is a *brutum fulmen*, and ineffective to delay or prevent the operation of the statute.

It is manifestly unwise and unsafe for this court to make the unnecessary order asked for, for the making of it might raise doubt as to the efficacy of the statute when relied on to transfer the title to trust property. I am impelled, therefore, to refuse to appoint a person to convey the title to trust property which I am convinced is already vested in the substituted trustee as joint tenant with the surviving testamentary trustee.

The petition will be dismissed.