DANIEL P. BUCKLEY, Administrator of the Estate of Lois Joanne White, v. R. H. JOHNSON AND Co., INC., a Delaware corporation.

(*March* 17, 1942.)

TERRY, J., sitting.

*Stewart Lynch* and *Daniel Hermann* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 109, November Term, 1938.

TERRY, J.

All of the reasons forming the basis of the motion for a new trial are predicated upon errors the plaintiff contends are to be found embodied within my charge to the Jury. Twenty-one reasons are cited in support of the motion; however, it is agreed that all of the reasons are to be disposed of under the five assignments heretofore stated.

I shall now discuss the first assignment; then the question concerning the sufficiency of the plaintiff's general exception to the charge; then assignments two, three, four and five.

The defendant in presenting its defense produced Ralph Montoro as a witness. Montoro was the operator of the defendant's truck at the time the accident occurred. Upon direct examination Montoro was asked the following questions:

"Q. Who was with you? A. George Machlin and Mr. Trottoe.

"Q. Where was Machlin? A. Sitting in front with me.

"Q. Where was Trottoe? A. In the body in the back.

"Q. And both of them are here in the Courtroom? A. Yes."

The record reveals that Machlin and Trottoe were employees of the defendant as of the time of the accident. The record does not reveal that either of them was employed by the defendant at the time of the trial. The plaintiff did not request an instruction pertaining to the subject matter of this exception.

It is now contended, although the plaintiff did not request an instruction pertaining to the subject matter of this exception, that I was duty bound under the law to charge relative thereto because of the question raised by the juror concerning the absence of certain witnesses.

The plaintiff contends that where evidence exists which would properly be a part of a party's case, and where that evidence is found to be material and important to the issues involved, and such evidence is under the power or within the control of the party to whose advantage it would be to produce it at the time of trial, and the party does not produce the evidence, nor give a satisfactory explanation as to why such evidence was not produced, the Jury may draw

an inference that the evidence, if produced, would have been unfavorable to the party.

The plaintiff admits, however, that the basic reason for the rule advanced is predicated upon the presumed power or control of the party over the witness. Irrespective of the correctness of the rule advanced by the plaintiff, this exception cannot stand for four reasons. (1) The record does not reveal that Machlin and Trottoe, the witnesses, were employed by the defendant at the time of trial. The rule advanced could have no application, as no power or control over the witnesses has been shown, and certainly a presumption could not properly exist that by reason of the fact that they were employees as of the date of the accident, June, 1938, that they continued to be down to and including the date of trial, December, 1939. (2) The plaintiff did not request an instruction pertaining to the subject matter of this exception. He cannot now claim a benefit from an error of omission, if one was committed, notwithstanding the statement of the juror herein above set forth. *Greenplate v. Lowth,* 9 *W. W. Harr.* (39 *Del.*) 350, 199 *A.* 659. (3) It would have constituted error to have instructed the Jury in accordance with the plaintiff's contention, as such an instruction would, in effect, have been in direct conflict with Section 22 of Article 4 of the Constitution of this State.

"Section 22. Judges shall not charge juries with respect to matters of fact, but may state the question of fact in issue and declare the law." To have charged in accordance with the plaintiff's contention, in my opinion, would have been commenting on the state of the evidence. In effect, such an instruction would have constituted a weighing of the evidence, which is in the exclusive province of the Jury. Such an instruction could very easily have influenced the Jury against the party being guilty of the

neglect, thereby controverting the purpose and intent of Section 22 of the Constitution.

■■ (4) The plaintiff admits under the rule advanced that the evidence must be material and important to the issues involved. The rule is not meant to apply to corroborative or cumulative testimony, or where the defendant has sufficiently met the plaintiff's contentions without producing the witness. 64 C. J. 514. There rests a duty upon the complaining party to justify the position taken. In other words, to show that the testimony of Machlin and Trottoe, if produced, would have been other than corroborative or cumulative. This the plaintiff failed to do. A study of the record in this case definitely leads to but one conclusion; that is, that the plaintiff's contentions were sufficiently met by the defendant without the legal necessity of calling Machlin and Trottoe as witnesses. The weight, the credit, or the reliability that the Jury should give to the testimony where it is conflicting lies solely within its province.

The exception taken to the charge was general in its nature, and the plaintiff did not point out or designate any error at the time to form the basis for the exception. The defendant contends that such an exception, even though granted at the time requested, is inadequate, in that it is too vague and indefinite.

Defendant's counsel contends that counsel for the plaintiff at the time he proposed his exception should have pointed out the precise error of which he complained, in order that I could have had an opportunity to correct the same, if any; thus, obviating any injustice that might have occurred by reason of inadvertent error. Counsel contends that under the common law practice in England, prior to severance, it was necessary to point out the error com-

plained of at the time of proposing an exception, and, if this was not done, the point in error could not form the basis for a new trial. As authority, the following is cited, found in Volume 3 of Chitty's General Practice, page 913:

"Objections to the summing up should be taken in the first instance and immediately the objection occurs, or, at all events, before the Judge has closed his observations, and before the Jury have retired. The most prudent course is for the leader to interpose before the Judge has stated the whole of his unfavorable view to the Jury, and so as to afford him an opportunity of altering his misstatement of facts, or qualifying his observations on matters of law, rather than afterwards contradicting them. If the Judge incorrectly reject a competent witness, or admit the evidence of one that is incompetent, or misstate the law or misdirect the Jury in any respect, so that the client might be prejudiced, it is the duty of the leading counsel immediately to state the objection, and if he do not, the Court will not, on motion, grant a new trial; and, therefore, however painful the duty, and in some cases heretofore perhaps dangerous (as regards the subsequent observations of the Judge on the merits), yet it is imperative on counsel, if at all, to object at the time, or lose the effect of the objection, and be precluded from supporting a motion for a new trial." Also see Tidd's Practice, Volume 2, page 934.

Counsel contends that the common law practice was the same before and after the enactment of the statute of Westminister Second, Anno. 13 Edw. 1, St. 1, C31 (providing for a bill of exceptions forming the basis for a writ of error); that is, the character, form and procedure must have been of the same quality to form the basis for a new trial, as was necessary to constitute a proper bill of exceptions. In many jurisdictions statutes, Rules of Court, or practice define the course to be followed. Some constitute

a defined modification of the common law rule as contended by defendant's counsel, while others merely amount to a general declaration thereof.

Necessity does not require a discussion concerning the correctness of counsel's view relative to the common law rule concerning this question. Conceding the common law rule as contended by the defendant to be the correct rule; yet, the question is not answered, as Trial Judges in this State have for a period of more than 20 years granted general exceptions to charges without at the time requiring the pointing out of specific error complained of, and later permitting under such an exception the raising of any point of law or fact that could be considered to be basic or fundamental to the questions therein involved. The question immediately presented is, Has this practice over the passing of time been sufficiently well established to justify me in concluding that it has become, so to speak, a part of the common law practice in this State?

The source of our pleading and practice flows directly from the common law of England prior to severance, and, when not changed by statute, Rule of Court, or continued practice in derogation thereof, the old and well established rules remain in full force and effect. We have no statute or Rule of Court controlling this question in any manner whasoever. However, we do have a policy or practice, as above stated, which in my opinion must be said to have ripened into and become a part of the common law practice in this State, under which a general exception to a charge is sufficient in law for the exceptor on a motion for a new trial to show all errors that are basic or fundamental, except those that are predicated upon omissions without a specific request to so charge where it plainly appears that the Jury was not misled thereby. *Greenplate v. Lowth*, 9 *W. W. Harr.* (39 *Del.*) 350, 199 *A.* 659. By

this I mean all errors of law or fact, or any material matter that is so inadequately presented as to be calculated to mislead the Jury, especially if the charge fails to present the real questions in the case, or by its general effect gives a wrong or misleading impression to the jurors concerning the material issues involved, or their duties in connection therewith.

Under the plaintiff's second assignment, it is contended that prejudicial emphasis occurred from the fact that I gave seven instructions for the defendant, and only two for the plaintiff, each of them closing with the statement, "Your verdict must be for the defendant" or "Your verdict would be for the defendant."

I am conscious of the duties of a Trial Judge to avoid any language or any conduct which would lead the Jury to suspect that the Judge is favorable to one party to the trial rather than the other. I am also equally well acquainted with the policy and theory that has been adopted by the Trial Judges of this State in the past to the effect that a charge should be sufficient and adequate in its language to enable the average lay mind not acquainted with technicalities of the law to understand thoroughly the different phases of a particular case concerning both fact and law and their duties relative thereto. Cases cited by plaintiff: *Daubach v. Drake Hotel Company*, 243 *Ill. App.* 298; *Wood v. Illinois Cent. R. Co.*, 185 *Ill. App.* 180; *Meachem v. Henry Hahn & Co.*, 46 *Ill. App.* 144; *Nelson v. Chicago City Ry. Co.*, 163 *Ill. App.* 98; *Ft. Smith Light & Traction Co. v. Hendrikson*, 126 *Ark.* 377, 189 *S. W.* 1064.

No contention is made that I erred in stating the law applicable to the case, nor that the issues and contentions of each party were not fully outlined and submitted to the Jury for decision. The plaintiff's only contention is

that the charge is unbalanced in favor of the defendant by reason of the manner in which I concluded seven paragraphs. Necessity does not require, nor will space be taken, to write into this opinion the seven paragraphs. A sufficient answer would seem to be that even though a Trial Judge may make a particular phase of his charge prominent by frequent repetition. yet, where the charge correctly states the law, and also correctly states the duty of the Jury, it cannot be said that mere repetition of the things complained of herein resulted in prejudice. While repetition did exist in the sense of using the phrase complained of more than once, yet, no duplication exists pertaining to the questions of fact and law involved. On the other hand, I would have considered it most unfair to the Jury in a case involving as many contentions and legal principles not to state to the Jury the circumstances under which it should consider the same..

The plaintiff contends under the third exception that I erred in stating with frequent and undue emphasis the principle of contributory negligence.

It must be conceded that the issues herein to be determined by the Jury concern the question of negligence either on the part of the defendant, or on the part of the plaintiff, or both. No suggestion is made that there exists any instruction wherein the law was not correctly stated. I have read the instructions complained of with care, and, in my opinion, they are fair and impartial. The rules of law as therein stated are correct relative to the negligence as applicable to both parties.

Under the fourth exception the plaintiff contends that I erred in defining contributory negligence, as my charge thereto was inadequately presented to the Jury.

The portion of my charge dealing with contributory

562

negligence is as follows: "The defendant contends that it was not negligent as to any of the allegations heretofore set forth and explained to you by the plaintiff. Negligence has been defined, gentlemen, to be the want of ordinary care; that is, the want of such care as a reasonable, prudent person would exercise under like and similar circumstances. I have heretofore described to you the means of measuring the negligence of Lois Joanne White, she being an infant, and now I say to you, in the event you should find the defendant guilty of negligence, and at the same time you should find the plaintiff was guilty of negligence which contributed to the accident, then your verdict must be for the defendant.

"In the event you find Lois Joanne White was a child of an age to realize the dangers involved in crossing a road at the time a truck was approaching, and that the truck was being operated with care and caution, and that the driver was not able to avoid running into her by use of ordinary care and caution on his part, then she would be guilty of negligence to such an extent that she could not recover, and your verdict in that case, gentlemen, would be for the defendant.

"The law does not measure or apportion, nor attempt to measure or apportion, the negligence attributable to each party to an accident when both parties have been negligent, and that negligence has contributed to the accident. In order for the plaintiff to recover in this accident, it must appear that the defendant's negligence was not only the proximate cause of the accident, but that Lois Joanne White was free from negligence which contributed to the accident. If it should appear that Lois Joanne White was guilty of contributory negligence, the plaintiff could not recover and your verdict would be in favor of the defendant."

The plaintiff contends that contributory negligence on the part of the plaintiff, in order to bar recovery, must be a proximate contributing cause to the injury or death of the plaintiff. In other words, in this case, if the plaintiff was guilty of negligence, such negligence would not bar recovery unless it could be said to be the direct or proximate cause of the accident.

The defendant asked for an instruction on contributory negligence. The plaintiff did not object to the request, but asked that the Jury be instructed how to measure the negligence of the deceased child since she was of the age of seven years.

Prior to my instruction on contributory negligence, as set forth above, I instructed the Jury as follows:

"All persons using Poplar Avenue and Capitol Trail have the right to assume, and have the right to act on the assumption, that all other persons using the same will exercise care and caution under the then existing circumstances, the care of each being in proportion to the danger then existing. However, as a general rule, the care and caution of an infant of the age of seven years and ten months, or thereabouts, in any case is that degree of care which children of the same age would be expected to exercise under like and similar circumstances. The care required of a child is to be ascertained by his maturity and capacity, and the particular circumstances of the case, and the determination of this question, gentlemen, is for you to decide.

"I might say at this point that in considering the negligence of this child you should use what I have just said to you as a yardstick to measure such negligence. At this time I must say to you that you should take the testimony before you into consideration in passing upon the degree

of care to be exercised by Lois Joanne White; that is, her age, her mentality, her physical condition and her knowledge of the general conditions that existed at the intersection of Capitol Trail and Poplar Avenue."

 The plaintiff did not request that the instruction concerning contributory negligence take any particular form. Consequently, the instruction given will be found to be in line with instructions on contributory negligence given by our Judges in many reported cases. The record reveals that the negligence of Lois Joanne White, if any, was active at the very time of the accident. Therefore, if the Jury found that Lois Joanne White was guilty of negligence, such negligence necessarily was a proximate cause, and, under the evidence, it was not necessary at all for me to have elaborated upon proximate or remote cause. I find no error pertaining to my instruction on contributory negligence. The law was not misstated. If the plaintiff desired an instruction on proximate cause, such a request should have been made.

The plaintiff contends under the fifth assignment that in my charge I assumed the controverted fact that Lois Joanne White "ran into" the defendant's truck, and, as such, I invaded the province of the Jury.

Relative to this assignment I said the following:

"If you should conclude from the evidence that Lois Joanne White moved from a position of safety on the south side of Capitol Trail to a position of danger in the bed of Capitol Trail on which the defendant's truck was then and there being operated in a careful and prudent manner, and that she entered Capitol Trail so suddenly as to make it impossible for the defendant's driver to stop his truck before Lois Joanne White ran into it, the defendant could not be

held liable for the injuries resulting from the accident, and your verdict would be for the defendant."

One of the most controverted facts during the trial was whether the deceased child ran out into the street and into the side of the truck as it was passing, or whether the child was sufficiently out in the street and the front of the truck was operated against the child. This controverted fact necessarily had to be determined by the Jury, and to assist the Jury, and in accordance with the prayers of the defendant, I included as a part of my charge the above quotation. There exists a rule that instructions which assume the existence of material facts in dispute are erroneous as invading the province of the Jury. However, regarding the instruction above stated, I am unable to determine that I assumed the fact that "Lois Joanne White ran into the truck of the defendant." The construction suggested by the defendant is strained and opposed to the grammatical construction of the paragraph, and the meaning of the words actually used. The paragraph is made up of two parts, a conditional clause beginning with "if" and the main clause beginning with "the defendant could not be held liable." The conditional clause in turn is made up of two parts, the main part "if you should conclude," and two subordinate clauses following as the objects of conclude (a) "that Lois Joanne White moved from a position of safety * * *" and (b) "that she entered Capitol Trail so suddenly as to make it impossible for the driver to stop his truck before Lois Joanne White ran into it." Clearly, both phrases (a) and (b) are conditional,—"if you find that Lois moved from a place of safety and if you find that she entered into the Trail so suddenly, etc."; that both grammatical constructions are subordinate clauses dependent on "if you should conclude" clearly appears from the fact that both begin with "that," a subordinate conjunction.

If the Jury found such to be the facts, then the defendant could not be held liable. Everything in the pargraph from "if you should conclude" down to "before Lois ran into it" was hypothetical; and there is no more reason to say that the phrase "ran into it" assumes the fact than to say that the phrase "the defendant's truck was then and there being operated in a careful and prudent manner" assumes that the defendant was not negligent.

A criticism of words, or the use of words, will not be indulged when the meaning of the instruction is plain and obvious and cannot mislead the Jury. *Baltimore & Potomac R. R. v. Mackey*, 157 *U. S.* 72, 15 *S. Ct.* 491, 39 *L. Ed.* 624. The plaintiff cannot take a word or phrase from a charge and place a construction thereon that is not consistent with the words as used in the charge as a whole. *Spahn v. People's R. Co.*, 3 *Boyce* 302, 83 *A.* 27, 92 *A.* 727. This the plaintiff has attempted to do.

The plaintiff's motion for a new trial is denied.