THE STATE OF DELAWARE, Use of Orda A. Davis, Administratrix of William H. Davis, Deceased, v. NORRIS C. ADAMS and STANDARD ACCIDENT INSURANCE COMPANY, a Corporation of the State of Michigan.

(*July* 28, 1942.)

TERRY, J., sitting.

*Louis L. Redding* for plaintiff.

*John B. Hutton* for defendants.

Superior Court for Kent County, No. 30, April Term, 1942.

TERRY, J.:

The question submitted for determination under the agreed statement of facts is in the following language: "If the Court shall be of the opinion that the entry of the judg-

ments as of the October Term, 1940, a date prior to the death of the said William H. Davis, and the levy made by the Sheriff under the executions issued upon said judgments which bore teste October 21, 1940, a date prior to the death of the said William H. Davis, gave Norris C. Adams, Sheriff, the above named defendant, a right to the goods and chattels levied upon under the said writs, superior to the rights of the plaintiff as administratrix of the said William H. Davis, the judgments shall be entered for the defendant, but, if such entry of judgments and issuance of executions thereon did not give the Sheriff a right to certain goods and chattels superior to the rights of the plaintiff, then judgment shall be entered for the plaintiff for $292.55."

It will be readily seen that the question above set forth in its entirety is more comprehensive than the narrow issue briefed and argued before me. The sole question for determination is whether or not the common law of this State pertaining to judgments and executions entered and issued after the death of a defendant therein and before the next term was amended or repealed by the enactment of Paragraph 3876 of the Revised Code of 1935.

"3876. *Widow's Allowance*:—The widow of any decedent shall be entitled to receive and the executor or administrator shall pay to her, as soon as conveniently may be during the year of administration, cash up to the amount of Five Hundred Dollars out of the estate of the decedent, which payment shall take priority over all unsecured debts, expenses, legacies, taxes, and all other unsecured claims against the estate of the decedent. The foregoing provision shall not affect any other rights to which she may be entitled either under the will of her husband or the provisions of the intestacy laws of this State."

The common law of this State is well settled, in that a judgment has relation to the term and the execution

to its teste. In the case of *Graham's Ex'x v. Wilson,* 5 *Harr.* 435, the Court held that under a judgment and execution "the goods of a defendant [were bound] who died after the teste and before the next term, in the hands of his executor or anybody else.".

The administratrix in the present case admits the existence of the common-law rule; however, she contends the rule to be predicated upon the doctrine of the relation of the execution to its teste, and, as such, is a mere fiction, which should not be permitted to operate against the logic and policy of a State as enunciated by legislative enactment whenever it is found to be in conflict therewith. In such cases the administratrix contends the historical tradition, although said to have ripened into and become a part of the common law of this State must give way to legislative intent whenever found to exist.

It is argued that the widow's right to the cash payment of $500 vested upon the death of her husband; that this right is absolute, and that the word "priority," as adopted under Paragraph 3876, has reference only to claims actually in existence as of the time of his death. *Pike v. Satterthwaite Adm'r,* 1 *Terry* (40 *Del.*) 595, 15 A. 2d 430; In re *Hearn's Estate,* 22 *Del. Ch.* 447, 195 A. 367. Consequently, it is urged that the common-law rule based upon the doctrine of the relation of the execution to its teste should not prevail over the widow's right to her allowance under Paragraph 3876. In other words, the language of said Paragraph, when taken as a whole, is sufficiently broad in its scope to justify a conclusion that the Legislature, in fact, intended to amend the common-law rule in this respect.

Necessity requires that Paragraph 3876 of the Code aforesaid be construed to determine the logic or policy, so to speak, that can be fairly read therefrom.

It should be said at the outset that in construing

Paragraph 3876 the Legislature is definitely charged with the knowledge of the law of this State, both common and statutory, and it is presumed that any statute carrying with it the force of amendment or repeal is enacted with legislative knowledge concerning the state of the law as it previously existed. In reading Paragraph 3876 I cannot escape the conclusion that the Legislature did not in express language amend or repeal the common-law rule relative to the subject herein. Therefore, it would seem that the issue is narrowed down to the question as to whether or not the common law has been amended or repealed by implication by reason of the enactment of said Paragraph. It must be said that to amend or repeal the common or statutory law by implication is not looked upon with favor. In all instances statutes, when construed, should be construed in connection with the previously existing state of the law, common or statutory, upon the same subject, and a construction, the result of which as in this case would mean amendment or repeal, would necessarily depend upon the presence or absence of an irreconcilable inconsistency between the common law and the language of Paragraph 3876, aforesaid.

At this point I might say that while the construction of a previous statute allowing a widow certain exemptions is not necessarily a criterion, yet, it might prove helpful in ascertaining legislative intent as to the proper construction to be given to the subject matter contained in Paragraph 3876, aforesaid.

The Legislature under Chapter 185 of Volume 38, Laws of Delaware, repealed Paragraph 3415 of the Code of 1915, and enacted in lieu thereof Paragraph 3876 of the Code of 1935. Paragraph 3415 in substance provided that appraisers appointed by the Register of Wills upon the granting of letters of administration upon goods and chattels of intestates who died insolvent shall lay off or set apart, for the

use of the widow of the said decedent, personal property of said decedent as exemption not exceeding in value $200..

■ ■ What was the legislative intent under Paragraph 3415 of the Code of 1915? It is evident that the Legislature, by the broad language used, intended to amend the common-law rule by giving a widow a preference over all execution creditors, in the event her husband died intestate and insolvent. In enacting Paragraph 3876 of the Code of 1935 the status of the preference given to a widow was definitely changed, and knowledge of the pre-existing law (Paragraph 3415 of the Code of 1915), relative thereto, must be imputed to the law-making body. The alteration is clear and understandable. It denotes legislative intent that the widow is to receive $500 out of the estate of her deceased husband, and it matters not whether he died testate or intestate, solvent or insolvent, and such payment shall not be classified as a preference over secured creditors, but shall take priority only over the unsecured debts, expenses, legacies, taxes, and all other unsecured claims against the estate of the decedent.

The essence or substance of Paragraph 3876 of the Code of 1935, aforesaid, bespeaks the issue of non-security, and, as a result of the enactment thereof, I am unable to reach any conclusion other than that the Legislature intended, as far as execution creditors were concerned, to place them back in the same position they occupied under the common law prior to the enactment of Paragraph 3415 of the Code of 1915.

■ ■ I find the status of the common law of this State to be the same that existed prior to the enactment of Paragraph 3415 of the Code of 1915, and I am unable to conclude that any irreconcilable inconsistency occurs between the common law and the language set forth under Paragraph 3876 of the Revised Code of 1935. The language used in

Paragraph 3876 is not of sufficient import to create a justifiable implication that would form the basis of a fair inference that, while the Legislature did not expressly amend or repeal the common law, it did so by implication. Courts in construing statutes cannot enter into the field of conjecture, especially where the language used is not reasonably indicative of the construction sought. Paragraph 3876 carries with it the force of a preference over the subjects therein definitely expressed. The position of the execution creditors in this case has not been affected or changed by reason of the enactment of Paragraph 3876, aforesaid.

For the purpose of clarity only, it should be said that Paragraph 3876 of the Code of 1935 was in operation as of the death of the decedent in this case; however, the Governor approved an Act on the 16th of April, 1941, 43 Del. Laws, c. 211, which was an Act passed in lieu of Paragraph 3876 of the Code of 1935. In substance the difference in the acts lies in the fact that now the payment of $500 to the widow takes priority over all unsecured debts, with the exception of taxes, cost of administration, reasonable funeral expenses and reasonable expenses of medicine and medical attendance and for nursing and necessaries during the last illness of the decedent. The amendment further provides that the allowance to the widow of a decedent shall be of no effect unless and until the widow shall, within six months from the date of the death of the decedent, notify in writing the Register of Wills in the county where the letters were granted and the executor or administrator of her demand that the sum of $500 be set aside for her benefit out of the proceeds of the estate of the decedent.

In accordance with the views herein expressed, judgment is hereby entered for the defendants.