CLARA COHEN and JOSEPH COHEN, Plaintiffs, v. ISAAC KRIGSTEIN and BENJAMIN SEIDEL, also known as Ben Seidel, Defendants.

(*May* 12, 1955.)

HERRMANN, J., sitting.

*Stewart Lynch* and *Alfred R. Fraczkowski* (of Hastings, Lynch and Taylor) for the plaintiffs.

*William Prickett* and *Jackson W. Raysor* for the defendant, Benjamin Seidel.

Superior Court for New Castle County, No. 915; Civil Action, 1954.

HERRMANN, J.:

The Court is called upon to decide whether the defendant Benjamin Seidel may attack the verity of the Sheriff's return showing service of summons upon him.

This action was commenced on October 13, 1954. By endorsement on the writ of summons, the Sheriff made return of service of summons upon Seidel as follows:

"Summoned personally Benjamin Seidel and left with him a copy of the within writ together with a copy of the complaint on the twenty-fifth day of October, A.D., 1954."

On November 12, 1954, prior to the filing of any responsive pleading, the plaintiffs filed an amended complaint and directed the issuance of another summons. By endorsement on this second writ, the Sheriff made return of service of summons upon Seidel as follows:

"Summoned personally Benjamin Seidel, also known as Ben Seidel and Isaac Krigstein and left with each of them a copy of the within writ together with a copy of the amended complaint on the seventeenth day of November A.D. 1954."

Thereafter, Seidel appeared specially to contest jurisdiction over his person. He moved to vacate or set aside the Sheriff's return of service upon him on October 25, 1954 on the ground that he was not served with a summons in this case prior to the amendment of the complaint and the issuance of the second writ and, therefore, the return of service upon him on October 25, 1954 was a false return.

The plaintiffs contended that the sheriff's return is conclusive as between the parties in this action and that Seidel may not attack the verity of the return in this action by contradicting the fact of service upon him. Seidel contends that the return is presumed to be true and correct but that this presumption is rebuttable and not conclusive. It is agreed that the Sheriff's return of service on October 25, 1954 is complete and regular on its face. There is no allegation of fraud.

There is irreconcilable conflict of judicial opinion as to the conclusiveness of a sheriff's return of service of summons and the remedies available to one who is the subject of a false return. Some jurisdictions remain committed to the common law rule that, when a sheriff's return of service is complete and regular on its face, the return is conclusive as between the parties and the truthfulness of the return cannot be controverted by the

defendant in the same action. Other jurisdictions have discarded the common law doctrine of absolute verity and, by statute or otherwise, have adopted the more liberal rule that the return is not conclusive but is only *prima facie* evidence of the facts therein stated. Under this rule, the defendant may impeach a return by extrinsic evidence in the same action, particularly before judgment. See Annotation 124 *Am. St. Rep.* 756, *et seq.*; 42 *Am. Jur.* "Process", §§ 126, 127; 72 *C. J. S.*, Process, § 100.

The law in this State on the precise question here presented has not been announced in any reported decision. In *Smulski v. H. Feinberg Furniture Co.*, 1937, 8 *W. W. Harr.* 451, 193 *A.* 585, this Court indicated that the common law rule was applicable after judgment. The defendant contends that the *Smulski* case is not applicable because (1) the reason for according absolute verity to the return after it has become part of, and the basis for, a judgment, does not exist where, as here, the attack upon the return is made before judgment; and (2) the *Smulski* case was decided prior to the adoption of our Civil Rules at a time when we were wholly committed to common law practice and procedure.

The common law makes no distinction and recognizes no exception based upon the time of the attack upon the return. Under the common law doctrine, a sheriff's return, complete and regular on its face, is conclusive upon the parties[1] and, in the absence of fraud, it cannot be set aside on evidence dehors the record even though the return is attacked before the entry of judgment. See *Vaughn v. Love*, 324 *Pa.* 276, 188 *A.* 299, 107 *A. L. R.* 1336; 124 *Am. St. Rep.* 756, 758.

▇ The common law rule must be announced as the law of this State unless it has been repealed by statute, by rule of court or by a continued and recognized practice in derogation of

---

[1] By reason of the due process clause of the Federal Constitution, Amend. 14, it has been held that the common law rule of conclusiveness must be limited to parties resident in the State. See *Vaughn v. Love, supra.*

the common law. Compare *Buckley v. R. H. Johnson & Co., Inc.*, 2 *Terry* 546, 25 *A.* 2d 392, 397. No applicable statute has been found and it does not appear that there is any established practice contrary to the common law rule.

The defendant points to Civil Rule 12 (b) (2), *Del. C. Ann.*[2] as the instrumentality by which we are relieved of the rigid common law doctrine. Since Rule 12(b) (2) does not expressly change the common law, the defendant's contention may be accepted only if it may be concluded that the common law has been amended or repealed by Rule 12(b) (2) by necessary implication.

It may not be presumed that a change in the common law was intended beyond that which is clearly indicated by express terms or by necessary implication from the language used. See *Hazzard v. Alexander*, 6 *W. W. Harr.* 512, 178 *A.* 873, 876. Repeal of the common law by implication is not favored and such change may be announced only in clear cases. Rule 12(b) (2) must be construed in connection with the previously existing common law upon the subject. Whether the Rule of Court repeals previously existing common law, in the absence of repeal in express terms, "depends upon the presence or absence of an irreconcilable inconsistency between them, unless it is manifestly clear that the later enactment is intended to supersede the earlier law and embrace the whole subject-matter." *State v. Donovan*, 5 *Boyce* 40, 90 *A.* 220, 224; *State for use of Davis v. Adams*, 3 *Terry* 54, 27 *A.* 2d 401, 403.

I am of the opinion that Rule 12(b) (2) did not repeal, by necessary implication, the common law rule of absolute verity of a sheriff's return which became a part of the law of

---

[2]Civil Rule 12(b) (2) provides in part as follows:

"(b). Defenses and Objections: How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person, * * *."

this State via our heritage of the common law. The Rule of Court and the common law doctrine are not irreconcilably inconsistent. Compare *Woods v. Zellers, D. C. E. D. Pa.,* 9 *F. R. D.* 6. Moreover, it is not manifestly clear that the Rule was intended to supersede the common law on the subject. Various types of attack upon the court's jurisdiction over the person of the defendant, previously made under the common law practice by a motion to vacate the return,[3] would seem to be available now under Rule 12(b)(2) without irreconcilable conflict with the common law rule of verity of the return. See 1 *Woolley on Delaware Practice,* Secs. 212, 213. Other types of attack upon jurisdiction over the person are conceivable under Rule 12(b)(2) without conflict with the common law rule as to the conclusiveness of the return. Rule 12(b)(2) and the common law rule may co-exist and, therefore, it may not be concluded that the common law has been repealed by necessary implication.

I am constrained to conclude that Rule 12(b)(2) does not meet the test for repeal of the common law and that the rule of absolute verity prevails in Delaware notwithstanding the adoption of our Rules of Civil Procedure.

I reach this conclusion reluctantly. The more liberal rule has been adopted in the great majority of other jurisdictions. The common law rule is not in accord with modern ideas of procedure and the reason for its existence has been lost in the dust of the centuries. See Sunderland "The Sheriff's Return", 16 *Col. L. Rev.* 281-298; 2 *Moore's Federal Practice* (2d Ed.) p. 1040; *Vaughn v. Love, supra.* This Court, however, does not have the choice of adopting one rule or the other, as it may prefer. The Court's function in this case is limited to the pronouncement of the law as it is found to exist. I express the opinion, nevertheless, that repeal of the common law rule here involved should be sought in order that Delaware may be removed from

---

[3]The defendant here proceeded under the old practice of a motion to vacate the return rather than under the Rule upon which he relies. No ruling is made herein as to the propriety of the form of the defendant's motion.

the dwindling list of jurisdictions in which this archaic and thoroughly discredited doctrine still prevails.

It is held that the Sheriff's return of service upon the defendant on October 25, 1954 is conclusive as between the parties and that the verity of the return may not be impeached in this action. The motion to vacate the return must be denied.