334

No. 19,206.

ELVERA E. POOS *v.* WILLTY H. POOS.
(359 P. [2d] 3)

Decided January 30, 1961.   Rehearing denied February 20, 1961.

Messrs. McLEAN AND McLEAN, for plaintiff in error.

Messrs. SANDHOUSE AND SANDHOUSE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

ELVERA E. Poos brings writ of error to reverse a judgment entered on the verdict of the jury adverse to her charge that Willty H. Poos, her husband, was guilty of

extreme and repeated acts of cruelty, warranting a decree of divorce, and favorable to Willty on his counterclaim charging Elvera with being guilty of desertion.

Willty denied the alleged cruelty in his answer to Elvera's complaint and pled affirmative defenses of condonation and laches. Elvera, in her answer to the counterclaim, denied the alleged desertion. The case proceeded to trial on these issues.

At the conclusion of the evidence the court refused to give tendered instructions on (a) physical cruelty and (b) mental suffering. No instruction was tendered or given defining desertion.

The only instruction bearing on these matters was the following:

"You are instructed that the pertinent statutes of the State of Colorado provide that a marriage may be dissolved and divorce granted for the reason (1) That the spouse from whom a divorce is sought has been extremely and repeatedly cruel toward the other spouse and such cruelty may consist of the infliction of mental suffering or bodily violence; (2) That the spouse from whom a divorce is sought has wilfully deserted the other spouse, without reasonable cause, for a period of one year, or more, immediately preceding the beginning of the action for divorce."

To submit the case to the jury, without the guidance of instructions defining the terms used in the statute, is tantamount to allowing the questions of cruelty and desertion to be resolved by surmise. There may have been as many opinions as to what constituted cruelty and desertion as there were jurors. This is particularly true where the evidence elicited at the trial involves formulae which are somewhat technical and probably not known to the average layman. Permitting a case to go to the jury in such plight cannot be sanctioned. *Kempski v. Kempski*, 333 Ill. App. 331, 77 N.E. (2d) 344.

It is basic to a fair trial "that the charge should

be sufficient and adequate in its language to enable the average lay mind not acquainted with technicalities of the law to understand thoroughly the different phases of a particular case concerning both fact and law and their duties relevant thereto." *Buckley v. R. H. Johnson & Co.,* 41 Del. 546, 25 A. (2d) 392. Cf. *Sutton v. Dana,* 15 Colo. 98, 25 Pac. 90.

Without detailing the evidence in this case, it was such that it justified a finding by the jury that Willty was guilty of physical cruelty, and it was such that the jury could have found him guilty of inflicting mental suffering upon Elvera. There was also evidence in the case which would have permitted contrary inferences regarding desertion. The resolution of either phase of cruelty or both and of desertion, in the state of this record, was one for the fact finder under proper directions from the court.

The trial court should have given an instruction on physical cruelty as requested by Elvera, modified to the extent that it would not leave to the jury the question of whether "either of the parties in this case [had] been guilty of acts of cruelty," since the consideration of cruelty by Elvera was not an issue in the case and proof thereof was not attempted. The trial court also should have given an instruction defining mental suffering, as requested by Elvera. On a retrial, the court should give a proper instruction on desertion as it applies to the facts of this case.

For the reasons hereinabove set forth, the judgment is reversed and the cause remanded with directions to grant a new trial.

Mr. Justice Sutton and Mr. Justice Day concur.