**BANK OF DELAWARE, Trustee under the Will of John Bancroft, Plaintiff,**

v.

**Esther BANCROFT, Pauline Bancroft Chadwick, Frederika B. Evans, Frances B. Bancroft, A. Gordon Matthews, Carol Jane Bancroft, Lynn duPont Bancroft, and William John Bancroft, Defendants.**

Court of Chancery of Delaware, New Castle.

July 30, 1970.

Richard P. Beck, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

Edward W. Cooch, Jr., of Cooch & Taylor, Wilmington, for defendant Esther Bancroft.

Robert W. Wakefield, of Walker, Miller & Wakefield, Wilmington, Guardian Ad Litem for Carol Jane Bancroft, Lynn duPont Bancroft, and William J. Bancroft.

MARVEL, Vice Chancellor:

Bank of Delaware, co-trustee under the will of John Bancroft, seeks instructions on the question as to whether or not a successor trustee for John Bancroft, Jr., its deceased co-trustee, should be appointed.

The will of John Bancroft contained provisions for the creation of two trusts for which John Bancroft, Jr. and the Equitable Trust Company (now the Bank of Delaware) were named as co-trustees. The first trust provided for a life estate for each of the testator's three children, John, Jr., Pauline, and Esther. Upon the death of the last child of John Bancroft, the will directed that the trust principal should be then distributed among the testator's grandchildren. The second trust provided for a life estate for testator's daughter, Esther, and for the distribution of trust property upon such life tenant's death to her children. No express provision was made in the will here in issue for the appointment of a successor trustee for John Bancroft, Jr. in the event of his death during the existence of such trusts and no intention can be gathered from the four corners of such will that one should be appointed. There is, however, provision made for the distribution of John Bancroft, Jr.'s share of the trust, upon his death. Thus, his possible death during the lifetime of the trusts was contemplated.

The issue thus presented for decision is whether or not the Bank of Delaware may take title to all of the John Bancroft trust property as sole surviving trustee.

It is settled law in Delaware and elsewhere that where there is no express testamentary direction that a successor trustee is to be appointed to succeed a deceased co-trustee the property so placed in trust comes under the exclusive jurisdiction of the surviving trustee who may thus administer the trust as sole trustee without the need of having a successor trustee named. In re Burr's Will, 12 Del.Ch. 102, 107 A. 449. See generally, 90 C.J.S. Trusts § 258; Vol. II, Scott on Trusts (3rd Ed.) §§ 103, 103.1. This rule, however, is admittedly derived from cases in which the trustees involved were individuals as opposed to corporations.

Under the common law a corporation was deemed incapable of holding property as a joint tenant,[1] and, theoretically, co-trustees hold property as joint tenants, this being the relationship which creates the rights of the surviving trustee. See Buckley v. R. H. Johnson & Co., 2 Terry 546, 41 Del. 546, 25 A.2d 392, and Cohen v. Krigstein, 10 Terry 256, 49 Del. 256, 114 A.2d 225. And the common law rule that a corporation may not hold property as a joint tenant has never been expressly repealed by statute in Delaware.

Plaintiff contends, however, that such rule has been impliedly repealed, at least as to trust companies acting in their ca-

[1]. It should be noted that this common law rule has been universally criticized and generally ignored in the United States. See Vol. II, Scott on Trusts (3rd Ed.) § 103.1, pp. 829–830; Bogert, Trusts & Trustees (2nd Ed.) § 145, pp. 43–44. The commentators suggest in 1 Restatement of Trusts 2d § 103, comment (a) at pp. 232–233 (1957) that the common law rule is inapplicable to corporations holding property as co-trustees.

In England the rule was expressly revoked by the Bodies Corporate (Joint Tenancy) Act, 1899, 62 & 63 Vict.C. 20. It has been followed in a few instances. DeWitt v. City of San Francisco, 2 Cal. 289. But see Bank of America National Trust and Savings Ass'n v. Long Beach Federal Savings and Loan Ass'n, 141 Cal.App.2d 618, 297 P.2d 443, distinguishing DeWitt, supra.

pacity as trustees, by the Delaware statutes pertaining to banking found in 5 Del. C. Ch. 7. The legislature, in granting powers to trust companies, has provided under the terms of 5 Del.C. § 765, as follows:

"In the case of a corporation established as a trust company under this chapter, the powers conferred by section 761 of this title shall include the right or power to be appointed * * * trustee * * * under the same circumstances, in the same manner, and subject to the same control by the court having jurisdiction of the same, as a legally qualified individual."

█ The test for determining whether or not a rule of law has been impliedly revoked or repealed by statute is a strict one in that a showing of irreconcilable inconsistency between the statute and the pre-existing law must be made. See State v. Donovan, 5 Boyce 40, 28 Del. 40, 90 A. 220, and State for Use of Davis v. Adams, 3 Terry 54, 42 Del. 54, 27 A.2d 401.

█ Here, there is, in my opinion, such an irreconcilable inconsistency between 5 Del.C. § 765 and the common law rule. In other words, the Legislature has expressly conferred upon trust companies the power to be appointed trustee under the same circumstances as those involving a legally qualified individual, and such statutory enactment is clearly inconsistent with the common law rule to the effect that trust companies cannot hold property under the same circumstances as an individual could, i. e. in joint tenancy with the right of survivorship. Accordingly, in order to give force and effect to the express statutory language enacted by the Legislature, a trust company must be held to be capable of holding trust property in the same manner as a legally qualified individual.

Thus, the question raised in In re Saulsbury, 43 Del.Ch. 400, 233 A.2d 739, 744, but not answered, must be answered as follows, namely that a trust company must be deemed to have the right to exercise all of the powers conferred upon it by 5 Del.C. Ch. 7, such legislative grant necessarily including the right of survivorship in instances where a trust company is appointed to serve as co-trustee with an individual except where a contrary testamentary intent is indicated.

█ I conclude that Bank of Delaware is accordingly entitled to administer the John Bancroft trust as sole surviving trustee, there being no express testamentary intent of the testator to the contrary as was the case in In re Saulsbury, supra. I conclude that the title to all trust property here in issue now reposes in the Bank as sole trustee and that there is no necessity for the appointment of a successor trustee.

An order in conformity with the holding of the above opinion may be presented on notice.