Benjamin S. DICKINSON and Bettye J. Dickinson, Plaintiffs,

v.

EASTERN RAILROAD BUILDERS, a Delaware Corporation, Defendant.

Superior Court of Delaware, New Castle.

Submitted June 29, 1977.

Decided Sept. 16, 1977.

William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for plaintiffs.

William F. Taylor, and Richard H. Morse, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiff Benjamin Dickinson [plaintiff] was injured while operating a front end loader. He was on the payroll of Brandywine Construction Co., Inc., [Brandywine] which was a sub-contractor to do grading and excavation work for defendant Eastern Railroad Builders [defendant]. Defendant in turn was under contract for the laying of railroad track. Defendant and Brandywine had entered into an arrangement whereby plaintiff would do work related to defendant's track-laying sub-contract and defendant would pay Brandywine 135% of plaintiff's wages for the hours plaintiff spent on defendant's work. While doing work for

defendant using the front end loader, plaintiff was injured. Plaintiff sued defendant claiming negligence and reckless and wanton conduct in connection with the work assignment and conditions. By subsequent amendment to the complaint, Brandywine's workmen's compensation insurance carrier, Liberty Mutual Insurance Company, seeks to recover under subrogation for workmen's compensation payments which have been paid in connection with plaintiff's injuries.

The two defenses dealt with in this Opinion are the asserted defenses of contributory negligence and assumption of risk on the part of plaintiff. Plaintiff has moved for partial summary judgment with respect to those defenses on the ground that those defenses are barred by 19 Del.C. § 2314. Since the issue under consideration here can only be of significance if this action is treated as a tort action and since a tort action between an employee and his employer is barred by virtue of the Workmen's Compensation Law, 19 Del.C. § 2304, this Opinion must proceed from the premise that insofar as these defenses are concerned, plaintiff was not an employee of defendant. The issue, therefore, is whether 19 Del.C. § 2314,[1] which bars the defenses of negligence of a fellow employee, assumption of risk and contributory negligence of an injured employee is applicable to litigation in which the litigants do not stand in the relationship of employer and employee with respect to each other.

The right to recover from a third party for the injury to a person who is entitled to workmen's compensation is set forth in 19 Del.C. § 2363.[2] Subsection (a) provides that

1. The genesis of this section, to which reference will be made hereafter is: 29 Del.Laws Ch. 233, which in this particular amended Revised Code of Delaware, 1915, by adding a new section designated 3193b. Section 95; which appeared in Revised Code of Delaware, 1935 as 6072, Sec. 2.

43 Del.Laws Ch. 269, sec. 1, amended subsection (c) thereof. As amended, the section appears in Delaware Code of 1953 and Delaware Code, Revised 1974 as 19 Del.C. § 2314.

2. "(a) Where the injury for which compensation is payable under this chapter was caused

under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election or remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occur-

where the injury "was caused under circumstances creating a legal liability in some person" other than the employer or a fellow employee to pay damages, "such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." 19 Del.C. § 2363(a). Elaboration of this language is found in subsection (e) of the same section:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort."

It should be noted that the quoted portions of this section do not undertake to define the standard of liability of the third party, the only reference to the type of action being the last-quoted language which refers to "in an action in tort". It should also be noted that the language relating to litigation against a negligent third party makes no reference to any other provisions of 19 Del.C. Ch. 23, referring only to enforcement of liability "in accordance with the provisions of this section".

The underlying philosophy of § 2363,[3] as it appeared in its original form (paragraph 3193 ll. Section 131 of the Revised Code of Delaware, 1915) was stated by the Delaware Supreme Court in *Silvia v. Scotten*, Del.Supr., 2 W.W.Harr. 295, 122 A. 513, 514 (1923), which was decided only six years after adoption of the original Delaware Workmen's Compensation Law, in the following language:

"The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the act's contemplation, and his liabilities are not intended by the act to be disturbed. The only particular in which the act deals with him appears in section 131, and here there is no attempt to destroy his liability, the sole purpose of the section being to make an alteration in the theretofore existing law in respect to parties plaintiff against him in case compensation has been agreed upon."

Again, the Delaware Supreme Court in *Travelers Insurance Company v. E. I. duPont deNemours & Company*, Del.Supr., 1 Terry 285, 9 A.2d 88 (1939) declared that the right of action against a third party must be determined without regard to the Workmen's Compensation Law in determining whether subrogation in the employer existed. This proposition was stated by this Court in *Ianire v. University of Delaware*,

---

rence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the Industrial Accident Board, the injured employee or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit."

"(e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

3. The genesis of this section is 29 Del.Laws Ch. 233, which in this particular amended Revised Code of Delaware, 1915, by adding a new section designated 3193 ll. Section 131; which appeared in Revised Code of Delaware, 1935 as 6108. Sec. 38.; which appeared in Delaware Code of 1953 as 19 Del.C. § 2363. 50 Del.Laws Ch. 339, sec. 21 amended the section.

50 Del.Laws Ch. 465, sec. 3 amended subsection (c) thereof. As amended the section appears in Delaware Code, Revised 1974 as 19 Del.C. § 2363.

Del.Super., 255 A.2d 687 (1969), aff'd 269 A.2d 52 (1970) that the Delaware Workmen's Compensation Law only binds employers and their employees. The Supreme Court in *Cannon v. Container Corporation of America,* Del.Supr., 282 A.2d 614 (1971) recognized that the effect of § 2363 is to preserve the right of action of the injured party against a negligent third party.

A review of the historic development of § 2314 is in order. This language appeared as the second section of the Delaware Workmen's Compensation Law of 1917 (the original Workmen's Compensation Law in Delaware), in substantially the same language found in § 2314. At the end of the section in the 1917 Act was the provision that the section would not apply if an employee had elected not to be covered by the compensatory provisions of the statute, or if an action was instituted against an employer who had elected to be covered by the compensatory provisions of the statute. It further provided that if both the employee and the employer had elected not to be covered by the compensatory provisions of the statute then the employer could not interpose the defenses mentioned in the section. It should be noted that the pertinent part of the title applicable to the issue under consideration is "An Act relating to the liability of employers for injuries to or death of their employees in certain cases . . . ."[4]

Workmen's compensation acts containing language virtually identical to that of this section of the Delaware law had been enacted by the states of Massachusetts, Michigan and Rhode Island prior to enactment of the Delaware Law. 5 *Labatt's Master and Servant* § 1852, pgs. 5553, 5564, and 5609. The Michigan Supreme Court in *City of Grand Rapids v. Crooker,* 219 Mich. 178, 189 N.W. 221 (1922) held that in a subrogation action by an employer against a third-party defendant, the third-party defendant could raise any defense, including the defense of contributory negligence, which could have been raised against the employee. See also *Burchard v. Otis Elevator Co.,* 261 Mich. 142, 246 N.W. 78 (1933). The Supreme Judicial Court of Massachusetts held that the purpose of the same language in the Massachusetts statute was to abolish the specified defenses for those employers who did not accept the provisions of the Workmen's Compensation Law. *Bernabeo v. Kaulback,* 226 Mass. 128, 115 N.E. 279 (1917); *In Re Opinion of Justices,* 210 Mass. 609, 96 N.E. 315 (1911).

In *Hendrickson v. Continental Fiber Co.,* Del.Super., 3 W.W.Harr. 564, 136 A. 375 (1926), this Court held that a suit involving an occupational disease which was not then covered by the Workmen's Compensation Law was not affected by the failure of the employee to file a certificate required by the statute showing whether or not employee and employer had elected to be bound by the compensation law where the claim involved a matter not covered by the Workmen's Compensation Law. In its analysis, the Court related the notice requirement to the language of the predecessor of § 2314[5] which barred defenses and found that these provisions were not applicable except where the workmen's compensation provisions were applicable. The Court found that these provisions were merely co-extensive with the area within which the employer

4. "An Act relating to the liability of employers for injuries to or death of their employees in certain cases; to promote the prevention of work accidents; to cause provision to be made for medical and surgical care for injured employees in order to reduce resultant disability for work; to establish rates of compensation for personal injuries and death of employees arising out of and in the course of their employment; to designate the persons entitled to receive such compensation; to provide methods for insuring the payment and for the payment of such compensation; and to establish an industrial accident board, define its powers, regulate its proceedings and provide for a review of its awards, being an amendment to Chapter 90, of the Revised Code of Delaware, entitled, 'Masters, Apprentices and Employees,' by the addition of a new article thereto, entitled, 'Masters, Apprentices and Employees—Article 5—The Delaware Workmen's Compensation Law of 1917'." 29 Del.Laws Ch. 233.

5. The two sections appeared next to each other as 3193b. Section 95 and 3193c. Section 96 of the original law, 29 Del.C. Ch. 233.

and employee could elect to be bound by workmen's compensation.

In summary, it is clear that in the context in which it was originally adopted the predecessor of § 2314 was not viewed as a bar to defenses which a third party might raise in an action brought by an injured person who was an employee under the Workmen's Compensation Law or by his employer or insurance carrier subrogated to the rights of such employee.

43 Del.Laws Ch. 269, approved May 26, 1941, changed the Delaware Workmen's Compensation Law from a voluntary system to a compulsory system. *Hill v. Moskin Stores, Inc.,* Del.Supr., 3 Storey 117, 165 A.2d 447 (1960); *Miller v. Ellis,* Del.Super., 11 Terry 11, 122 A.2d 314 (1956). Provisions of the Workmen's Compensation Law which dealt with the power and consequences of election to be bound or not to be bound by the law were deleted. One of the deletions was the portion of subsection (c) of paragraph 6072. Sec. 2. of the Revised Code of Delaware, 1935 (formerly 3193b. Section 95 of the Revised Code of Delaware, 1915) which related the availability of the section to the election to be bound by that law. The 1941 amendment also added a section which read:

> "Every employer and employee, adult and minor, except as in this Chapter expressly excluded, shall be deemed to be bound by the provisions of this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies." 6073. Sec. 3., Revised Code of Delaware, 1935.

If, as plaintiff contends, the 1941 amendment by eliminating the elective features of the Workmen's Compensation Law and eliminating the reference to the elective features from the section which barred certain defenses mandated that the section be applicable to actions against a third party, either the original language of the predecessor of § 2314 must have applied to actions against a third party but for the elective language which was repealed by the 1941 Act or the language of the 1941 amendment must have expanded the application of that section to apply to a negligent third party. Nothing in the deleted language confined the section to actions against employers. Hence, the scope of the retained language of the section was not literally broadened by the amendment. In general, the amendment merely lifted the bar which previously made the section inapplicable where certain elective status existed.[6]

In the context in which the amendment was made, namely, in the context of making workmen's compensation compulsory, the inference does not follow that the Legislature by the amendment intended to extend the class of defendants to be governed by that section. Compare *Daniel D. Rappa, Inc. v. Engelhardt,* Del.Supr., 256 A.2d 744 (1969); *State v. Adams,* Del.Super., 3 Terry 54, 27 A.2d 401 (1942). That the Legislature did not intend to create a bar to defenses by a third party by the 1941 amendment is further supported by its title which reads as follows:

> "AN ACT TO AMEND CHAPTER 175 OF THE REVISED CODE OF DELAWARE, 1935, ENTITLED DELAWARE WORKMEN'S COMPENSATION LAW, BY EXTENDING THE PROVISIONS FOR PAYMENTS THEREUNDER." 43 Del.Laws Ch. 269.

Nothing in the 1941 amendment or its title indicates an intention to make the section applicable to third party defendants or to expand its coverage to them.

Plaintiff contends that by virtue of the 1941 amendments no circumstance remains

---

**6.** It is recognized that additionally a portion of the deleted language read: "provided, however, that when both the employer and the employee shall have elected not to operate under the compensatory provisions of the subsequent sections of this Chapter, then and in such case the employer shall be deprived of the right of interposing the defenses mentioned in this section the same as though he alone had rejected the terms of the subsequent sections of this Chapter."

where an employee can sue an employer and hence § 2314 is a nullity unless it is construed to apply to an action against a third party. This overlooks the fact that 19 Del.C. § 2374 [7] makes an employer liable to an employee "either for compensation . . . , or in an action at law for damages" if the employer has refused or neglected to comply with the insurance provisions of the Workmen's Compensation Law. While both §§ 2314 and 2374 contain language barring the same defenses, they merely duplicate each other and the presence of one does not bar the presence of the other. The point is that within the specific confines of the Workmen's Compensation Law, there remains a situation under which § 2314 may be operative. Hence, there is no need to seek a new application for § 2314 in order for the section to continue to have operative effect.

Turning to the general law concerning actions against a negligent third party, an examination of the treatises nowhere has developed the concept that the provisions of workmen's compensation laws are designed to modify the rules of negligence which ordinarily govern the rights and liability of a negligent defendant. Accordingly, it is stated that the negligent third party may interpose all the defenses against the employer or carrier which he could interpose against the employee, including the defense of contributory negligence. 3 *Schneider's Workman's Compensation* § 843, p. 219 and § 856, p. 245. Similarly, 2A *Larsen's Workman's Law* § 75.21, p. 14–261, states:

"On this point there is little controversy due to the widespread acceptance of the basic concept of the third party action as the employee's cause of action. Obviously, if the employee himself is the plaintiff, his own contributory negligence is as much a defense as it ever was, when he sues a third person in an ordinary negligence action . . . It is also held with substantial unanimity that the employee's contributory negligence is a defense in an action by the subrogated employer."

It should be noted that one of the authorities cited by Professor Larsen for the last-quoted sentence is *Bar Steel Construction Corp. v. Read,* Del.Supr., 277 A.2d 678 (1971).

A further consideration weakens the contentions of plaintiff. Workmen's Compensation Laws, whether elective or compulsory, have generally been upheld as a reasonable legislative resolution of the difficult and complex problems existing between employer and employee and the risks of industrial work which result in injuries suffered by employees. The impact of the relations between employer and employees upon the community, the vast number of people affected, the ability to bear the risk of loss are all factors which differentiate the problems of the industrial accident from those surrounding other types of accident. *Ward & Gow v. Krinsky,* 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1921); 1 *Schneider's Workman's Compensation* §§ 11–15, pp. 29–40. Moreover, the pattern of the Workmen's Compensation Law provided a new system of recovery under which the employer and the employee each gave up some of the potential benefits which existed under common law and each party was relieved of certain disabilities which existed under common law. *New York C. R. Co. v. White,* 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1916). These considerations are not present in considering the liability and defenses of a third party. Moreover, since the third party is not otherwise affected by the provisions of the Workmen's Compensation Law, there are no compensating factors justifying the loss of the common law defenses.

Plaintiff's contention that the words of the statute are so clear that they must be applied to actions against negligent third parties requires that this section be isolated from the context in which it appears and be isolated from its historic development. The

7. This appears in substantially similar language as 3193 aa. Section 120 in 29 Delaware Laws Ch. 233.

rules of statutory construction do not contemplate such a constricted standard.

I conclude that 19 Del.C. § 2314 does not limit defenses which can be raised by a party other than an employer who is sued for damages resulting from that party's alleged negligence even though the plaintiff may have been an employee of someone other than the defendant and the accident may have occurred while the plaintiff was acting in the course of his employment by the non-party and as between the plaintiff and the non-party employer the accident arose out of that employment.

IT IS ORDERED that plaintiff's motion for summary judgment as to the first and second affirmative defenses is denied.