Verdict, guilty.

————•————

CHARLES W. POTTS, trading as W. F. POTTS, SON & CO., *vs.* DAVID H. WELLS.

*Assumpsit—Affidavit of defense—Practice—Statute.*

Judgment ordered notwithstanding an affidavit of defense, where such affidavit stated that the defendant had a just and legal defense to the plaintiff's cause of action, without stating that the defense was either to the whole or a part of the cause of action.

(*June 4, 1900.*)

JUDGES GRUBB, PENNEWILL and BOYCE sitting.

*William S. Prickett* for plaintiff.

*Samuel S. Adams, Jr.,* for defendant.

Superior Court, New Castle County, May Term, 1900.

ACTION OF ASSUMPSIT on a book account (No. 183, May Term, 1900).

An affidavit of defense was filed stating that the defendant had a just and legal defense to the plaintiff's cause of action, etc. *Prickett* for the plaintiff moved for judgment notwithstanding the

affidavit of defense, on the ground that the statute provides that the affidavit must state whether the defense is to the whole or a part of the cause of action, that the affidavit filed did not contain such a statement and was therefore insufficient.

GRUBB, J.:—The statute says expressly that the defendant in his affidavit must state that there is a legal defense to the whole or a part of the cause of action setting forth the nature of that defense. This affidavit does not admit any part to be due, but simply says there is a defense to the cause of action. We must therefore order judgment notwithstanding the affidavit of defense.