## THE STATE OF DELAWARE *v.* THEODORE HOMIAK.

*(May 10, 1934.)*

HARRINGTON and RICHARDS, J. J., sitting.

*P. Warren Green,* Attorney-General, for the State.

*John Biggs, Jr.,* for the defendant.

*Aaron Finger, Amicus Curiæ.*

Court of General Sessions for New Castle County, No. 9, January Term, 1934.

RICHARDS, J., delivering the opinion of the Court:

The question before us involves a construction of *Section* 18 of *Article* 3 of the *Constitution* and is necessarily a narrow one. The defendant takes the position that

under the above mentioned section of the Constitution, in order for the bill under consideration to become a law by the Governor's signature, it must appear that it was signed by the Governor within ten days after it was presented to him. On the contrary, the state holds that the bill having been signed by the Governor within thirty days after adjournment of the General Assembly, by that act it became a law.

In the Constitutions of most of the states of the United States are found provisions similar to *Section* 18 of *Article* 3 of the *Constitution* of this State. The language used in each differs in some respects, however, and we do not think a consideration of them would be helpful. Perhaps *Section* 7 of *Article* 1 of the *Constitution of the United States* contains language more similar to ours than that of any other; this section reading:

"If any bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its Return, in which Case it shall not be a Law."

The difference being that our Constitution provides that when the Governor is prevented from returning a bill by the adjournment of the General Assembly,

"it shall not become a law without the approval of the Governor,"

while the Federal Constitution provides that when the President is prevented from returning a bill by the adjournment of Congress, it shall not be a law. And, further, our Constitution provides that after a final adjournment of the General Assembly no bill shall become a law, unless approved by the Governor within thirty days thereafter. There seems to be no doubt, under the Federal Constitution, that if Congress by its adjournment prevents the President from returning a bill within ten days, Sundays excepted, it shall not be a law; but, under the wording of our Con-

stitution, there is an opportunity for argument that when the Legislature by adjournment prevents a bill from being returned by the Governor within ten days, Sundays excepted, it may still become a law, if approved by the Governor within thirty days after the final adjournment of the General Assembly.

In *Edwards v. United States*, 286 *U. S.* 482, 52 *S. Ct.* 627, 631, 76 *L. Ed.* 1239, Chief Justice Hughes in considering the construction of *Section* 7 of *Article* 1 of the *United States* had the following to say:

"The provision that a bill shall not become a law if its return has been prevented by the adjournment of Congress is apposite to bills that are not signed, not to those that are signed. There is no requirement that bills that are signed should be returned. No further action is required by Congress in respect of a bill which has been presented to the President, unless he disapproves it and returns it for reconsideration as the Constitution provides."

We construe this to mean that, even under the Constitution of the United States, bills which are not returned to Congress by the President within ten days may become a law, if signed by him, even though Congress has adjourned at the time they are signed.

It appears that the bill in question was presented to the Governor on April 4, 1933, which was Tuesday, and applying the rule laid down in the case of *Simkin v. Cole*, 2 *W. W. Harr*. (32 *Del.*) 271, 122 *A.* 191, that day would not be counted in reckoning the ten-day period in which the Governor is required to return the bill with his objections to the House in which it shall have originated, in order to prevent it becoming a law without his signature; excepting the intervening Sunday as required, the ten-day period in which the Governor was required to return the bill expired on Saturday, April 15, on which date the Legislature was not in session. It is argued on behalf of the defendant that by reason of the fact that the Governor failed to return the bill with his objections to the House in which it originated during the nine days following the

day upon which it was presented to him, and not being able to return it to said House on the tenth day because said House was not in session, he was required to sign it on said tenth day. In other words, if the Governor fails to return a bill with his objections to the House in which it originated, or veto it, within ten days after the day it is presented to him, Sundays excepted, notwithstanding the fact that the tenth day fell on Saturday upon which the Legislature was not in session, he was required to sign it on said tenth day. Is this construction of the section of the Constitution under consideration justified?

The Constitution contemplated that the Legislature would be in session each day of the sixty-day period provided for, except Sundays, and the custom of adjourning for Saturday was, apparently, adopted for its own convenience. If this custom of adjourning for Saturday is to be continued, the Legislature should consider the day upon which bills are presented to the Governor, in order that the last day of the ten days in which he is required to return them, if he does not approve of them, will not fall on Saturday.

A careful analysis of the section of the Constitution which is under discussion should be helpful. It seems clear that under the first portion of said section, every bill which has passed both Houses of the General Assembly shall be presented to the Governor, and if he approve it, he shall sign it; but, if he shall not approve it, he shall return it to the House in which it originated with his objections thereto. It also seems clear that if any bill shall not be returned by the Governor within ten days after it has been presented to him, Sundays excepted, it shall become a law without his signature. The next portion of the law which reads,

"Unless the General Assembly shall, by adjournment, prevent its return, in which case it shall not become a law without the approval of the Governor,"

is the one upon which the decision in this case hinges. We find nothing in this section, or the preceding sections above referred to, which indicates that the Governor is required to sign the bill, within the ten-day period in case he fails to return it with his objections to the House in which it originated. Under this provision, if the General Assembly, by adjournment, prevents the return of a bill to the House in which it originated, within the ten-day period, it does not become a law unless something else happens, and that something is the approval of the Governor. So far, no limit is placed upon the time in which such approval shall take place. The last portion of this section, however, provides that after final adjournment of the General Assembly, no bill shall become a law, unless it shall be approved by the Governor within thirty days after the date of final adjournment.

It is not denied that the final adjournment of the Legislature in question occurred on May 16, 1933, and the bill in question having been signed by the Governor on June 5, 1933, which was clearly within thirty days after the final adjournment of the Legislature, we are of the opinion that it then became a law.

The facts before us do not disclose that the Governor ever intended to return the bill to the House in which it originated, or veto it, and we feel clear that if he desires to do so, he must take that course within the ten-day period provided, but, we also feel clear that if he does not care to return it to the House in which it originated, he may approve it at any time within thirty days after the final adjournment of the Legislature.

It is true, as argued, that when the Governor fails to return a bill to the House in which it originated within the ten-day period, the Legislature may not know what disposition he proposes to make of the bill until the expiration of thirty days after its final adjournment. The Legislature

has it in its power, however, to learn whether the Governor disapproves of a bill which has been presented to him by remaining in session during the entire ten-day period after the date upon which it was presented to him. In case it should take this course and the Governor failed to return the bill with his objections to the House in which it originated, it would become a law without his signature.

We are of the opinion that the bill in question became a law when approved by the Governor on June 5, 1933, and that the motion to quash should be denied.