SHORT AND WALLS LUMBER CO. *v.* LESTER M. SHESTACK, ET AL.

(*July* 3, 1939.)

RODNEY and SPEAKMAN, J. J., sitting.

*Harry K. Hoch* for plaintiff.

*Herbert L. Cohen* for defendants.

Superior Court for New Castle County, No. 58, May Term, 1939.

216

RODNEY, J., delivering the opinion of the Court:

█ █ The Courts of Delaware have consistently *held* that while an affidavit of defense must set forth the legal defense, and nature and character thereof, so the Court may pass upon the legal effect of the facts stated, yet a summary judgment will not be entered if there is anything in the affidavit of defense which convinces the Court that there may be a legal defense to the action. Snap judgments are not favored in the law. *Townsend Trust Co. v. Reynolds,* 5 *W. W. Harr.* (35 *Del.*) 298, 165 *A.* 154; *Frantz v. Templeman Oil Corp.,* 3 *W. W. Harr.* (33 *Del.*) 221, 134 *A.* 47.

This is of course true in *Mechanics Lien* proceedings where the judgment, if eventually obtained, relates back to the time of the delivery of materials, or furnishing of work or labor.

In support of its first objection to the affidavit of defense, the plaintiff relies on *Potts & Co. v. Wells,* 3 *Penn.* (19 *Del.*) 11, 50 *A.* 62, which case is cited in *Woolley's Delaware Practice, Secs. 278, 288.*

The *Potts* case does hold that an affidavit of defense is not sufficient where it fails to state whether the defense was to the whole or a part of the cause of action. An inspection of the original papers in the cited case discloses that the action was upon a book account containing a number of items and also containing cash credits, and the affidavit of defense set up the defense of "payment" without disclosing

whether the defense was to the whole or a part of the cause of action. We are not prepared to say that upon the facts before the Court in the *Potts* case the conclusion there reached was not correct.

If the defense is to a part only, then the plaintiff is entitled to judgment for the admitted part if he so desires, and so where the defense may be to either the whole or a part of the claim it may be necessary to state as to which the defense applies. In the present case, however, the defense alleged was that the claim was not filed within the statutory time of ninety days. This defense, if it be one, must necessarily relate to the entire cause of action and cannot relate to a part merely. Under these circumstances and where the affidavit of defense clearly shows that the defense must relate to the entire cause of action, we think it unduly critical to hold the affidavit insufficient because it does not expressly negative any application to a part of the cause of action to which part it could not possibly apply.

(2) The affidavit of defense is clearly divisible into two parts. The defendants first say (a) "that the furnishing of the materials by the plaintiff was terminated some time prior to December 28, 1938." We, of course, judicially know that the claim was filed March 27, 1939. It may be true, as the plaintiff suggests, that the foregoing portion of the affidavit of defense is insufficient because it is possible that the last furnishing of material may have been on December 27, 1938, and so still be within ninety days of March 27, 1939. With this question we think we are not greatly concerned because the defendants do expressly say

(b) "that plaintiff's claim was filed after the expiration of ninety (90) days from said termination, contrary to the Statute."

The plaintiff thinks this statement is a mere conclusion and that facts should be presented from which the Court could, itself, compute the time. We do not view the

allegation as a mere conclusion. We think it is a statement of an alleged fact. The Statute requires the claim to be filed within ninety days from the furnishing of the last material. For the plaintiff to prevail it must show compliance with the Statute. The defendants have alleged, as a fact, that the claim was filed after ninety days from the termination of the furnishing of materials. The issue is thus precisely raised.

There may be some analogy between the present question and the application of the appropriate *Statute of Limitations*. Where an action must be brought upon a promise, within a limited time, and the defense is that the action was not brought within the time, it has never, so far as we know, been the duty of the defendant to set out the date of the promise so the Court itself could judge of the time. The duty of the defendant was fulfilled when, in the language of the older pleas, he answered *"non assumpsit infra sex annos"* or as the case might be.

Having in mind the policy of the Courts as first herein mentioned, the motion for judgment, notwithstanding the affidavit of defense, must be denied.