METROPOLITAN LIFE INSURANCE COMPANY, Respondent, *v.* BELLA SCHMIDT, as Executrix of PHILIP E. SCHMIDT, Deceased, Appellant.

Argued May 19, 1949; decided July 19, 1949.

*Louis Klugerman* for appellant. I. The policy became incontestable after March 23, 1947. The action was not started within the period permissible. (*Meridian Life Ins. Co.* v. *Milam,* 172 Ky. 75; *Travelers Ins. Co.* v. *Leonard,* 120 N. J. Eq. 6; *Pacific Mut. Life Ins. Co.* v. *Alsop,* 191 Ind. 638; *O'Rourke* v. *Prudential Ins. Co.,* 294 Ill. App. 30; *American Nat. Bank* v. *Service Life Ins. Co.,* 120 F. 2d 579; *McGrail* v. *Equitable Life Assur. Soc.,* 292 N. Y. 419.) II. There is no basis for considering the General Construction Law. Determination of the issue raised depends on the clear provisions of the policy. (*Matter of Bronson,* 150

N. Y. 1; *Goon* v. *Fu Manchu's Restaurant*, 253 App. Div. 531.) III. Sunday, the last day of the term, is to be included in the computation of the two-year incontestable period. (*Ryer* v. *Prudential Ins. Co.*, 185 N. Y. 6; *Benoit* v. *New York Central & Hudson Riv. R. R. Co.*, 94 App. Div. 24; *Aultman & Taylor Co.* v. *Syme*, 163 N. Y. 54; *Hendrickson* v. *Callan*, 70 Misc. 342; *Jablon* v. *City of New York*, 177 Misc. 838, 268 App. Div. 859; *Jessar Realty Corp.* v. *Friedman Realty Co.*, 253 N. Y. 298; *Calagna* v. *Sheppard-Pollak*, 264 App. Div. 589.)

*Edward T. Post* and *Frederick C. Tanner* for respondent. I. The suit was begun within the time limited in the incontestability clause. (*Goon* v. *Fu Manchu's Restaurant*, 253 App. Div. 531; *Prokop* v. *Bedford Waist & Dress Co.*, 187 App. Div. 662; *Tismer* v. *New York Edison Co.*, 228 N. Y. 156; *Biloz* v. *Tioga County Patrons' Fire Relief Assn.*, 21 N. Y. S. 2d 643, 260 App. Div. 976; *Morss* v. *Purvis*, 68 N. Y. 225; *Hudspith* v. *Pierce-Arrow Motor Car Co.*, 180 App. Div. 147; *People* v. *Burgess*, 153 N. Y. 561; *Matter of Garelick* v. *Rosen*, 274 N. Y. 64; *Phelan* v. *Douglass*, 11 How. Prac. 193.) II. Appellant has overlooked the fact that March 23, 1947, fell on a Sunday. Under section 20 of the General Construction Law, Sunday "must be excluded from the reckoning if it is the last day of such period." (*Matter of Bardol*, 253 App. Div. 498, 278 N. Y. 543.)

Conway, J. On March 24, 1945, a policy of life insurance was issued in this State to one Schmidt. In order to conform to the mandate of paragraph (b) of subdivision 1 of section 155 of the Insurance Law, the issuing insurance company included in the policy, verbatim, the statutory provision regarding incontestability, viz., " * * * This Policy shall be incontestable after it has been in force during the lifetime of the Insured for a period of two years *from* its date of issue, except for nonpayment of premiums * * *." (Emphasis supplied.)

On March 24, 1947, the insurance company commenced this action for rescission of the policy, alleging that the application therefor had contained certain material misrepresentations. The action was commenced by delivery of the summons to the Sheriff of the City of New York, New York County, wherein Schmidt resided.

In addition to a general denial, the answer of the defendant insured contained an affirmative defense that the action was not

commenced within the period specified in the policy and, upon that ground, defendant moved for summary judgment. Special Term denied the motion and, on appeal, the Appellate Division affirmed unanimously. Defendant now appeals to this court from such nonfinal order of affirmance by permission of the Appellate. Division which has certified to us the question whether the action was " timely commenced under the terms of the said policy ".

Decision herein turns upon whether we begin computation of the two-year period from March 24, or from March 25, 1945. If the date of issue, March 24, 1945, be excluded from the two-year period, the action was commenced on the last day of such period, March 24, 1947, and within the time limited. If the date of issue be included in the two-year period, the last day of such period was March 23, 1947, and the action was commenced one day too late, unless, as argued by the insurance company, the fact that March 23, 1947, fell on a Sunday extended such period an extra day.

The insurance company contends that the case is controlled by section 20 of the General Construction Law, which provides in pertinent part as follows: " A number of days specified as a period *from* a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. * * * In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day *from* which any specified period of time is reckoned shall be excluded in making the reckoning." (Emphasis supplied.) That rule applies to the computation of years as well as of days, weeks or months. (*Tismer* v. *New York Edison Co.,* 228 N. Y. 156, 163–164.)

We agree that the above-quoted portion of section 20 is determinative of the instant case. The General Construction Law is expressly made " applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." (General Construction Law, § 110.)

As indicated above, the policy provision regarding incontestability was inserted in the policy pursuant to paragraph (b) of

subdivision 1 of section 155 of the Insurance Law, which provides: " No policy of life insurance  \*   \*   \*   shall be delivered or issued for delivery in this state unless it contains in substance the following provision or provisions which in the opinion of the superintendent are more favorable to policyholders:  \*   \*   \* (b) A provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue, except for nonpayment of premiums  \*   \*   \*." Thus the language of the policy provision which was copied from the statute, is statutory language, and as such, is subject to the General Construction Law, since there is nothing in the general object or context of the Insurance Law provison to indicate that a different meaning or application was intended from that required to be given by section 20 of the General Construction Law. A holding to the same effect is implicit in our recent decision in *Franklin* v. *John Hancock Mut. Life Ins. Co.* (298 N. Y. 81).

Accordingly, we hold that the date of issue of the policy, March 24, 1945, must be excluded from the computation of the two-year period, and that the instant action for rescission, commenced on March 24, 1947, is timely. This view of the case makes it unnecessary to determine the insurance company's alternative contention that even if the last day of the two-year period were March 23, 1947, such period should be extended an extra day because March 23, 1947, fell upon a Sunday.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed, etc.