WILLIAM V. MOLINA and MARY MOLINA, Plaintiffs, v. ANCHOR MOTOR FREIGHT, INC., OF DELAWARE, a corporation of the State of Delaware, and LOUIS C. BAUMANN, JR., Defendants.

(*October* 30, 1952.)

LAYTON, J., sitting.

*August F. Walz* and *Clarence W. Taylor* (of Hastings, Stockly and Walz), Attorneys for Plaintiffs.

*William H. Bennethum* (of Morford, Bennethum, Marvel and Cooch), Attorney for Defendants.

Superior Court for New Castle County, No. 444, Civil Action, 1952.

LAYTON, J.:

I am cited to no Delaware authority directly on point. However, the general rule in this State is that in the absence of anything showing a contrary intent, the first day should be excluded but the day on which the act is to be done should be included. *Standard Scale & Supply Corp. v. Chappell,* 16 *Del. Ch.* 331, 141 *A.* 191, *Del. Sup. Ct.; Simkin v. Cole,* 2 *W. W. Harr.* 271, 122 *A.* 191, *Del. Super. Ct.* This represents the great weight of authority throughout the country. 34 *Am. Jur. Limitation of Actions,* § 252. In a large number of jurisdictions the general rule has been applied in computing the period of time prescribed by a statute of limitations without regard for the literal language of the particular statute, which frequently, as in the case here, seems to require the day of the injury to be included. See annotation in 20 *A. L. R.* 2d, 1249. Compare also *Griffith v. Griffith,* 1 *W. W. Harr.* 1, 108 *A.* 209, *Del. Super. Ct.; Short & Walls Lumber Co. v. Shestack,* 1 *Terry* 214, 8 *A.* 2d 83, *Del. Super. Ct.,* and *State v. Homiak,* 6 *W. W. Harr.* 188, 172 *A.* 838, *Del. Ct. Gen. Sess.*

Defendant has filed quite an exhaustive brief on this proposition and it must be conceded that, bearing the terminology of the act in mind, its argument is not illogical. However, in view

of the vast amount of authority to the contrary, I feel I have no recourse but to deny the motion to dismiss.