ASSOCIATED TRANSPORT, INC., Plaintiff, v. WILLIAM FRANCIS PUSEY, Defendant.

(*August* 5, 1955.)

HERRMANN, J., sitting.

*Albert L. Simon* and *Stephen E. Hamilton, Jr.,* for the plaintiff.

*Stewart Lynch* (of Hastings, Lynch and Taylor) for the defendant.

Superior Court for New Castle County, No. 194, Civil Action, 1955.

HERRMANN, J.:

The sole question is whether a period of limitations runs to the following day when the last day of the period falls upon Sunday.

This is an action for property damage resulting from a motor vehicle collision which occurred on February 27, 1952. The complaint was filed on Monday, February 28, 1955. The pertinent statute of limitations provides that no such action "shall be brought after the expiration of three years from the accruing of the cause of such action". 10 *Del. C.* § 8106. It is con-

ceded by both parties that the last day of the period of limitations fell on Sunday, February 27, 1955. Compare *Molina v. Anchor Motor Freight, Inc., etc.,* 8 *Terry* 432, 92 *A.* 2d 294. The plaintiff contends that the final Sunday being *dies non,* and thus excluded from the computation, the .time for bringing this action ran to Monday, February 28, 1955. The defendant contends that the three-year statute of limitations is clear and unequivocal, that the Court does not have the power to read an exception or extension into the statute and that, therefore, the action is barred.

There is diversity of opinion elsewhere on the question. See Annotation 20 *A. L. R.* 2d 1249, 1258. No reported decision has been found settling the matter in this jurisdiction.

■ I am of the opinion that it is the law of this State that where the last day of the period prescribed by a statute of limitations for commencing an action falls on a Sunday, such action is not barred if commenced on the next day which is not *dies non juridicus.*

■ At common law, Sunday was *dies non juridicus* and an act could be performed on the following Monday where the last day upon which it could or should have been done fell on Sunday. See *Sherwood Bros. v. District of Columbia,* 72 *App. D. C.* 155, 113 *F.* 2d 162; *Ferd. Mulhens, Inc., v. Higgins, D. C. S. D. N. Y.,* 55 *F. Supp.* 42; *Yuri Yajima v. United States, D. C. E. D. N. Y.,* 6 *F. R. D.* 260. In Delaware, Sunday has always been recognized as *dies non* and the common law must be announced as the law of this jurisdiction unless it has been repealed, expressly or by necessary implication. It may not be presumed that a change in the common law was intended beyond that which is clearly indicated by express terms or by necessary implication from the language used. The statute of limitations does not expressly change the common law rule nor is there repeal by necessary implication. Repeal of the common law by implication is not favored and change by implication may be announced only in clear cases. *Cohen v. Krigstein,* 10 *Terry* 256, 114 *A.* 2d

225; 1 *Woolley on Delaware Practice,* § 179. It is to be assumed that the Legislature was aware of the common law rule when it enacted the statute of limitations. Failure to amend the common law must be taken as legislative intent to retain the rule which seems to have been well settled under the common law.

The view herein adopted is in accord with the position taken by this Court in *Simkin v. Cole,* 2 *W. W. Harr.* 271, 122 *A.* 191, 192, where, in interpreting a rule of court which limited the time for filing reasons for a new trial, it was stated:

"Where no contrary intent appears, the better and more reasonable rule, therefore, seems to be that where a given number of days is allowed to do an act, or it is said an act may be done within a given number of days, and whether it be by rule of court, judicial order or statute, Sundays are counted if one or more occur within the time, unless the last day falls on Sunday, in which case the act may be done on the next day."

The view here adopted is also in harmony with Civil Rule 6(a), *Del. C. Ann.* which provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. * * *"

The defendant relies upon *Fogg v. Twin Town Chevrolet,* 135 *Me.* 260, 194 *A.* 609, *Shuey v. State of Michigan, D. C. E. D. Mich.,* 106 *F. Supp.* 32, and similar cases in which it has been held that courts do not have the power to create an exception to or enlarge a statutory period of limitations by excluding a final Sunday from the computation. If the conclusion reached herein results in an exception to, or enlargement of, the period of limitations, the exception or enlargement arises from a necessary interpretation of the statute in the light of the common law rule

and not from discretionary judicial decree. Compare *Poetz v. Mix*, 7 *N. J.* 436, 81 *A.* 2d 741. The Court does not have the choice of one rule or the other as it may prefer. It is the Court's function in this case to state the law as it is found to exist. See *Cohen v. Krigstein, supra.* I express the opinion, nevertheless, that the rule found to prevail here is the better rule. See *Edmundson v. Wragg*, 104 *Pa.* 500, 49 *Am. Rep.* 590; *Poetz v. Mix, supra; Sherwood Bros. v. District of Columbia, supra.*

■ It is held that the statute of limitations is not available to the defendant as a defense in this case. Accordingly, leave to amend the answer to plead the statute of limitations will be denied.

## On Reargument.

The defendant's motion for reargument has been granted because of the cloud cast upon the accuracy of the following statement in the foregoing Opinion:

"At common law, Sunday was *dies non juridicus* and an act could be performed on the following Monday where the last day upon which it could or should have been done fell on Sunday. See *Sherwood Bros. v. District of Columbia*, 72 *App. D. C.* 155, 113 *F.* 2d 162; *Ferd. Mulhens, Inc. v. Higgins, D. C. S. D. N. Y.*, 55 *F. Supp.* 42; *Yuri Yajima v. United States, D. C. E. D. N. Y.*, 6 *F. R. D.* 260. * * *"

In his attack upon that premise, the defendant cites *Morris v. Richards*, 45 *L. T.* 210; *Gelmini v. Moriggia*, 2 *K. B.* 549; 32 *Halsbury's Laws of England* (2d Ed.) pp. 144-146. These English authorities lend some support to the defendant's contention that, in judicial proceedings as contrasted to administrative proceedings, it was not the English common law rule that an act could be performed on the following Monday where the last day upon which it could or should have been done fell on Sunday. I find it difficult to reconcile the cited English cases with the unqualified statement of the common law rule in *Sherwood Bros. v. District of Columbia, supra; Ferd. Mulhens, Inc., v. Higgins, supra;*

and *Yuri Yajima v. United States, supra.* While I continue to rely upon the general statement of the common law rule as it appears in the latter cases, nevertheless, the doubt raised by the cited English authorities moves me to state an additional and self-sufficient reason warranting the conclusion reached.

Civil Rule 6(a) provides as follows:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday."

This Rule has had the force and effect of legislative enactment since 1948. See 10 *Del. C.* § 561; *Code* 1935 §§ 4240, 4280, 4643-4645. Five years later, as part of the 1953 *Code,* the Legislature reenacted the Statute of Limitations here involved. 10 *Del. C.* § 8106; see *Monacelli v. Grimes.* 9 *Terry* 122, 99 *A.* 2d 255.

There is nothing in the Statute of 1953 to indicate that the policy of Civil Rule 6(a), which had been in effect for more than five years, should not apply. I adopt the reasoning of *Union National Bank v. Lamb,* 337 *U. S.* 38, 69 *S. Ct.* 911, 93 *L. Ed.* 1190; *Wilkes v. United States,* 5 *Cir.,* 192 *F.* 2d 128, and *Rutledge v. Sinclair Refining Co., D. C. S. D. N. Y.,* 13 *F. R. D.* 477, regarding the applicability of Rule 6(a) of the Federal Rules of Civil Procedure, 28 *U. S. C. A.* to statutes limiting time in judicial proceedings. Applying that reasoning, it is held that our Statute of Limitations should be construed so as to be consonant with Civil Rule 6(a).

For the reasons stated heretofore and for the reasons stated herein, the defendant's motion will be denied.