NELSON COHEE, JR., an infant by Nelson Cohee, Sr., his next friend, and Nelson Cohee, Sr., in his own right as father of Nelson Cohee, Jr., Plaintiff, v. WILLIS C. RITCHEY, Defendant.

598

(*April* 27, 1959.)

STIFTEL, J., sitting.

*William G. Bush, III,* and *Harrison F. Turner,* for plaintiff.

*Houston Wilson* for defendant.

Superior Court for Kent County, No. 179, Civil Action, 1957.

STIFTEL, J.:

Plaintiff, Nelson Cohee, Jr., is a minor who was injured in a collision between his bicycle and an automobile driven by the defendant, on September 11, 1956. Suit was filed for the infant by his next friend, Nelson Cohee, Sr., on September 10, 1957. There was no judicial appointment of a next friend. A request for judicial appointment of the next friend was made at the argument on this motion, on April 17, 1959. This request was opposed by defendant.

Defendant filed his motion to quash and to dismiss the complaint for reasons which may be summarized as follows: (1) That an infant cannot sue in Delaware by his next friend; and (2) even if he can sue by his next friend, he cannot start suit until the next friend is duly appointed by this court.

 In support of his first ground, defendant argues as follows: That an infant could not sue by his next friend at common law. This situation was corrected by two English statutes, *Westminster* 1, c. 48, and *Westminster* 2, c. 15. *Woolley, Delaware Practice,* § 125. It cannot be readily determined whether these statutes became a part of our common law. At any rate, until the Revised Code of Delaware was approved by our Legislature in 1953, we had a statute which permitted a suit by a next friend. See *Rev. Code Del.* 1935, par. 4674, and *Rev. Code Del.* 1915, par. 4196. When the Code was adopted in 1953, paragraph 4674 (*Rev. Code Del.* 1935), which permitted a suit by a next friend, was omitted. This omission leaves this State without a statute on the subject, therefore, since the right to sue by

a next friend did not exist at common law; and since we have no statute presently, a "next friend" cannot be a proper representative of the infant. This fact is true, defendant claims, even though Rule 17(c)[1] of the Delaware Superior Court Rules, *Del. C. Ann.*, approved January 1, 1948, was in existence when the statute was omitted. Defendant admits that the statute was not omitted inadvertently, but was omitted because it was believed Rule 17(c) covered the subject. He claims, however, that this court had no power to promulgate a rule covering this subject because, historically the power of a court to appoint a "next friend" as a competent representative of an infant in England and Delaware can only be vested in the court by legislative act. In other words, the defendant claims that this is not a subject that can be dealt with by the court under its rule-making power and that express legislation on the subject is essential.

Assuming, without agreeing with defendant, that his version of the Delaware common law is correct,[2] nevertheless, I am unable to concur with defendant's argument.

The capacity of a party to sue is procedural and therefore a proper subject for rule of court. *Bengston v. Travelers Indemnity Co., D. C.,* 132 *F. Supp.* 512, affirmed 5 *Cir.,* 231 *F.* 2d 263, 265, 266. Rule 17(c), Delaware Superior Court Rules, deals, *inter alia,* with the capacity of a party to sue. This Rule has the

---

[1]Rule 17(c) provides as follows:

"(c) Infants or Incompetent Persons. Whenever an infant or incompetent person has a representative, such as a general guardian, trustee, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian *ad litem.* The court shall appoint a guardian *ad litem* for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

[2]It is seriously doubted if the Delaware common law rule is as defendant indicates. Woolley, *Delaware Practice,* referred to the English common law prior to the enactment of the Westminster statutes. Delaware common law probably included the statutes of Westminster First and Westminster Second, which permitted suit by next friend, since our source of pleading and practice flows from the common law of England prior to severance. *Buckley v. R. H. Johnson & Co., Inc.,* 2 *Terry* 546, 25 *A.* 2d 392, 397.

force and effect of a legislative enactment. *Associated Transport v. Pusey,* 10 *Terry* 413, 118 *A.* 2d 362, 365. The promulgation of the Rule was tantamount to the Legislature itself passing a statute covering the subject. See 10 *Del. Code Ann.* Sec. 561.[3]

Defendant next contends that service must be quashed and the action dismissed because the "next friend" was not appointed by the court before suit was filed.

It has been the practice in this State for the court to appoint a "next friend" on application by the petition of the infant, or someone on his behalf if he is too young. *Flannigan v. Wilmington & N. C. Electric Ry. Co.,* 2 *Penn.* 415, 45 *A.* 346. The statute[4] in existence prior to the adoption of the Delaware Code in 1953 did not literally require a judicial appointment,

---

[3]10 *Del. Code Ann.* § 561 provides:

"(a) The judges of the Superior Court, or a majority of them, may, from time to time, adopt and promulgate general rules which prescribe, establish and regulate the form, issuance and return of process and writs, the form and system of pleading, and all other practice and procedure with respect to the commencement, trial, hearing and determination of civil actions in the Superior Court.

"(b) Such rules shall be for the purpose of securing the just and, so far as possible, the speedy and inexpensive determination of every such action. The rules shall not abridge, enlarge or modify any substantive right of any party, and they shall preserve the right of trial by jury as at common law and as declared by the Statutes and Constitution of this State.

"(c) The rules so adopted and promulgated, and all amendments thereof, shall, after they have taken effect, supersede all statutory provisions in conflict or inconsistent therewith.

"(d) Any inconsistency or conflict between any rule promulgated under the authority of this section or prior law, and any of the provisions of this Code or other statute of this State dealing with practice or procedure in the Superior Court, shall be resolved in favor of such rule of court. Nothing in this Code, anything therein to the contrary notwithstanding, shall in any way limit, supersede or repeal any rule heretofore promulgated governing practice or procedure in Civil Actions in the Superior Court.

"(e) As used in this section, the phrase 'civil actions in the Superior Court' includes proceedings of every kind or character within the jurisdiction of that Court except criminal proceedings."

[4]*Rev. Code Del.* 1935, par. 4674 provided:

"A guardian shall be admitted to sue and defend for his ward. *An infant may also sue by his next friend.* In no suit at law, or in equity, shall the parol demur, or proceedings be deferred, because of the infancy of a party plaintiff, or defendant."

but it was nevertheless required by the court. Judge Victor B. Woolley explained it in his treatise on Delaware practice as follows:

"The next friend is not a party to the suit. He is simply a person appointed by the Court to look after the interest of one, who by reason of his legal disability, is unable to look after and manage his own interests. The infant or the person for whose benefit the suit is prosecuted is the real party."

Logically, the reason for the requirement of a judicial appointment was to protect the infant. The court exercised its discretion in the selection of a next friend, generally giving preference to relatives or other people who would be inclined to champion the rights of the infant.

Rule 17(c), *Del. Code Ann.*, is an exact copy of the same Federal Rule. It, like the statute it eliminated (*Rev. Code Del.* 1935, § 4674), makes no literal requirement that the next friend be appointed by the court. *Russick v. Hicks, D. C. Mich.*, 85 *F. Supp.* 281, has held that under Rule 17(c), *F. R. Civ. P.*, 28 *U. S. C. A.*, the next friend may on his own initiative institute suit and that a judicial appointment is unnecessary since the court already has supervision over him. See, also, 3 *Moore's Federal Practice*, 2d Ed., § 17.26. A solution to this case does not require a change in the established practice in Delaware to appoint a next friend by the court. The court must still appoint a next friend.

It was never the rule in Delaware under the old practice that a next friend be appointed before suit was instituted. In fact, *Woolley* (§ 128) explains, the practice was the reverse. However, the appointment had to be timely after the institution of the suit because of certain technical requirements of the old Delaware practice.

Under the present Delaware practice, the order for the appointment of a next friend does not have to be signed prior to the filing of the complaint; nevertheless, it is preferable that

the order be signed before filing or within a reasonable time thereafter.

In this case, the infant plaintiff is presently without a court appointed legal representative. However, the court has the power, if the plaintiff is unrepresented because of his failure to obtain the appointment of a next friend, to make such order as it deems proper for the protection of the infant.

Defendant here has not been prejudiced because no order exists appointing a next friend. I therefore will sign the order which already has been submitted to me providing for the appointment of Nelson Cohee, Sr., as next friend, to prosecute this action for the infant plaintiff, pursuant to Rule 17(c).

Motion to quash and dismiss denied.