162 A.2d 715 (1960)
PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation of the State of New Jersey, Plaintiff,
v.
Wilbur T. ROZAR, Individually and Wilbur T. Rozar, next of kin and personal representative of Isabella Rozar, Defendant.
Court of Chancery of Delaware, New Castle.
June 16, 1960.
C. W. Berl, Jr., of Berl, Potter & Anderson, Wilmington, for plaintiff.
Wilfred J. Smith, Jr., and Frank J. Gentile, Jr., Wilmington, for defendant.
SEITZ, Chancellor.
This is an action by plaintiff-insurance company to rescind on the ground of fraud a policy of life disability insurance. Defendant, served both individually and as next of kin of the deceased insured ("defendant"), has filed a motion to dismiss the complaint on the ground that the action was commenced at a time when the policy had become incontestable. He has moved, in the alternative, in effect, to strike Paragraphs 3(b) and (c) on the ground that they fail to state a claim. This is the decision on those motions.
The complaint alleges that the policy was issued effective November 1, 1958; that defendant was the husband of the insured and the beneficiary under the policy; that the policy was procured through fraudulent material misrepresentations of the insured; and that insured died September 29, 1959.
The complaint was filed on November 2, 1959. The pertinent incontestable provisions of the policy are as follows:
"Incontestability: This policy shall be incontestable as to coverage under Part I after it has been in force for one year from the Effective Date hereof, * * *".
Part I contains the death benefits. It is agreed that October 31, 1959 was a Saturday *716 and November 1, 1959 was a Sunday.
It is the plaintiff-insurance company's position that since the last day of the one year contestability period fell either on Saturday or Sunday, the plaintiff was entitled to bring the action on the first business day thereafter, which it did. Defendant contends that the incontestability provision states that it was to be incontestable after it had been in force for one year; that it had been in force for one year prior to the date when the action was commenced. Therefore, the action cannot be maintained.
No precise Delaware precedent can be found and indeed the same is true generally except for an alternative conclusion by the trial court in the New York case of Metropolitan Life Ins. Co. v. Schmidt, Sup., 81 N.Y.S.2d 290, affirmed 274 App. Div. 1036, 85 N.Y.S.2d 914, affirmed 299 N.Y. 428, 87 N.E.2d 442. The trial court stated that where the last day of the contestability period fell on Sunday the company had the right to contest the policy on the next business day by commencing legal action. The Appellate Division did not mention this point but the Court of Appeals explicitly declined to pass upon it. While the case could be stronger, the trial court's statement is entitled to consideration.
Plaintiff also relies upon two Delaware cases. One is Simkin v. Cole, 2 W.W. Harr. 271, 122 A. 191. It was there held, under a Rule of Court fixing the number of days within which a motion for a new trial could be made, that when the last day fell on Sunday, the time for filing was extended to Monday.
The second case is Associated Transport v. Pusey, 10 Terry 413, 118 A.2d 362, 365. That case involved an attempt to apply the Statute of Limitations to a tort action which was commenced on a Monday although the last day of the period admittedly fell on Sunday. The court held that the Superior Court Rule, Del.C.Ann., governed. It applies to periods of time provided or permitted by the rules, court order or applicable statute. It provides in pertinent part, as does the Chancery Rule, Del.C.Ann., that "The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday". Civil Rule 6(a). The statute therein involved would appear to contain language which renders it similar to the language of the incontestability clause here considered.
While our case does not involve a period of time fixed by court rules, court order or applicable statute, the conclusions reached in the two Superior Court decisions would seem applicable. I say this because the only way the plaintiff-company could initiate a contest of the policy was by instituting legal proceedings. Compare 1 Appleton, Insurance Law and Practice, § 313. It would therefore seem pertinent to consider precedents in the litigation field. These precedents call for a construction of the policy which would permit the action to be filed on the first business day in cases where the contestability period expires on Sunday or a holiday.
Defendant argues that an inflexible reading of the policy is required in view of the principle that it should be construed against the company. These factors would not seem to be of controlling importance where the problem arises from the mere "happenstance" that the "last day" fell on either Saturday or Sunday.
I conclude that this action is not barred by the one-year contestability period contained in the policy.
I next consider defendant's motion to strike paragraphs 3(b) and (c) of the complaint which, in alleging fraud, read as follows:
"(b) In addition to the above, Isabella Rozar knowingly and consciously signed her name to the said application *717 form when she knew, or should have known, that the facts contained within said application were incorrect and further knowing that by signing her name she was attesting to the truth and accuracy of the statements appearing therein when in fact she knew, or should have known, that the said facts were false.
"(c) After the said Policy No. WO2 186 017 was issued to Isabella Rozar the said Isabella Rozar consciously and fraudulently failed to reveal to Prudential that the facts contained in said application were false and incorrect. Her failure to do so was to induce Prudential to continue the policy in force, as she knew, or should have known, that the facts set forth in the application which was attached to the policy when issued, were false."
It will be noted that in Paragraph 3(b) plaintiff charges the insured, inter alia, with knowledge that the application she signed contained false answers. Defendant suggests that the evidence will show that plaintiff's agent filled in the answers presumably not in accordance with the insured's instructions. The court is confronted with a record which contains only the complaint and the motion. There is therefore no ground to consider the material advanced by defendant's counsel and to which use the plaintiff's counsel did not assent. The motion to strike Paragraph 3(b) must be denied.
As I construe Paragraph 3(c), by the use of the word "consciously", plaintiff is alleging that the insured deliberately failed to reveal the fact of the incorrect answers to plaintiff after the policy was issued to the insured. Thus, it may be that plaintiff is charging the insured with actual knowledge of the incorrect answers. It would therefore not seem desirable to strike the paragraph. I say this because plaintiff should be given the opportunity to develop its evidence unless the parties can raise a clear cut legal issue. In any event, the matter is not so remote that a motion to strike it is appropriate. If defendant desires to attempt to delimit the issues, there are devices available for that purpose.
I therefore decide that the defendant's motion to strike should be denied without prejudice to a renewal of such arguments if the facts appear to so warrant.
Present order on notice.