Owen McGivekn, J.
The noncaneelable accident and disability policy was issued August 16, 1957 and effective on that day. Defendant sustained a heart attack on August 16, 1959. The *717 first action taken to cancel or to contest the policy occurred on the day of service of the summons on November 11, 1959. This action was brought for cancellation of the policy and defendant moves for summary judgment.
It is assumed, and the issue is not now contested, that ground exists for cancellation. In issue is the application to the facts of the incontestability clause. Subdivision 1 of section 155 of the Insurance Law provides that the policy must contain a provision that it shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue.
In Metropolitan Life Ins. Co. v. Schmidt (299 N. Y. 428) on which plaintiff relies, the language of the policy provision was copied from the statute and therefore the two years were to be tolled from the date of issue, and therefore the first day is not counted. The language of the policy provision in suit is more favorable to the insured than required by statute and is as follows: “ After this policy has been in force for a period of two years during the lifetime of the Insured (excluding any period during which the Insured is disabled), it shall become incontestable as to the statements contained in the application.” Thus a policy is in force on the day it is in effect and that day, August 16, 1957 in this instance, is the first day of the two-year period and August 15,1959 is the last day of the two-year period. Accordingly, August 16, 1959 is the first day of the third year.
There is no triable issue raised with respect to the claimed fact that defendant was not disabled under the terms of the policy from August 16, 1957 through August 15, 1959. Any excluded period of disability to be withdrawn from the calculation of the two-year period under the policy provision could, upon the basis of this submission, pertain only to the disability commencing August 16, 1959.
Assuming that August 16, 1959 was the last day of the two-year period rather than the first day of the third year, plaintiff must nevertheless fail. From August 16, 1959 to November 11, 1959, the date of contest, is a period of 2 months and 26 days. Defendant’s disability under the policy commencing August 16, 1959 endured only to the first week of November, 1959 and at most the total and partial disability endured for a period of 2 months and 22 days, and the contest, therefore, was at least 4 days late.
The material facts are not disputed and therefore it is of no avail to plaintiff to argue that there has been misrepresentation in the application, and the heart attack occurring on the last day of the second year, as plaintiff contends, was thus before the *718 incontestable period could run, since plaintiff fails to furnish any proof that the period of disability had not run out when at last the contest was first made on November 11, 1959, and after the disability had ceased. The motion is granted.