■ UNION MUTUAL LIFE INSURANCE COMPANY, Appellant, v. LOUIS R. KEVIE, Respondent.— Order and judgment dismissing the complaint unani-

mously reversed, on the law and on the facts and the motion for summary judgment denied, with costs to the appellant. In this action for rescission of an accident and health insurance policy, there is no dispute that the defendant insured concealed from the plaintiff insurance company the true condition of his health when he applied for the policy in July, 1957. The only question is whether there is a triable issue of fact to determine if the incontestability clause in the policy bars the plaintiff from maintaining this action. The clause which conforms to the statutory language of section 164 (subd. 3, par. 2, cl. [a]) of the Insurance Law as amended by chapter 548 of the Laws of 1956, effective 1956, states: "After this policy has been in force for a period of two years during the lifetime of the insured (*excluding any period during which the insured is disabled*), it shall become incontestable as to statements contained in the application." (Emphasis added.) The policy was issued on August 16, 1957 and this action started November 11, 1959. Prior to the issuance, on June 27, 1957, the defendant suffered his first heart attack. He was hospitalized until July 2, 1957 and there is evidence upon which a conclusion could be reached that he was totally disabled for a period of nine and one-half weeks thereafter. He suffered another heart attack on August 16, 1959, the second anniversary date of the policy, and was confined to the hospital until September 5, 1959 and to his home until September 19, 1959. His physician's statement, dated November 3, 1959, indicates that he was totally disabled until October 15, 1959 and would be partially disabled until November 16, 1959. In these circumstances it must be concluded that there are triable issues as to whether the disability of the defendant tolled the running of the two-year contestability period for a sufficient length of time so that this action may be maintained. Such issues as, but not limited to, the length of disability of the defendant after his first heart attack should be fully tried. Accordingly, summary judgment must be denied. Concur — Breitel, J. P., Rabin, Stevens, Eager and Bastow, JJ. [26 Misc 2d 716.]