Gordon M. Lipetz, J.
On this motion by petitioner Leatherby Insurance Company to stay the arbitration sought by respondent Melanie Villafana an order was entered by Mr. *145 Justice Lazer dated May 7, 1974 staying arbitration pending an evidentiary hearing to determine the insurance coverage of the vehicle in which said respondent was riding as a passenger. The hearing was held before me on March 26, 1975. Basically, the question presented is "What is midnight?”
The facts are undisputed. Respondent Melanie Villafana was a passenger in a taxicab popularly known as a "gypsy cab” owned by Reginald L. Brunson and operated by Michael Lynch. She sustained severe injuries when the taxicab was struck by a hit-and-run vehicle on December 31, 1971 at approximately 11:15 p.m. The taxicab was insured by respondent Allstate Insurance Company for the period "from Midnight 9/9/71 to Midnight Dec. 31, 1971”, and the records of the Department of Motor Vehicles do not reveal the filing of a form FH-4 by Allstate Insurance Company canceling the policy prior to midnight on December 31, 1971.
The taxicab was also insured by Leatherby Insurance Company. In his application to Leatherby’s agent for insurance Brunson requested coverage for a policy period "from midnight 12-31-1971 to midnight 12-31-1972”. Leatherby’s policy issued thereon specified the policy period as being "From 12/ 31/71 to 12/31/72 12:01 A.M., standard time”. However, an endorsement thereon reads as follows: "That item of the policy which specifies the effective and expiration time of the policy as '12:01 a.m.’ is hereby amended to read 'midnight’.” Form FH-1 filed with the Department of Motor Vehicles specified that the policy was "Effective from Midnight 12-31-71 to Midnight Dec. 31, 1972”.
Petitioner Leatherby Insurance Company contends that only Allstate Insurance Company’s policy was in effect at the time the accident occurred, namely, December 31, 1971 at approximately 11:15 p.m., and that its own policy did not become effective until midnight on December 31, 1971. Respondent Villafana contends that both policies were then in effect. Her contention is based on the face of Leatherby’s policy, which provides that the policy period is "From midnight 12-31-71 to midnight 12-31-72 12:01 a.m.”. Thus, she argues, Leatherby’s policy became effective on December 31, 1971 at 12:01 a.m. However, she has overlooked or disregarded the endorsement which amended the effective and expiration time to read "midnight” instead of 12:01 a.m.
The expiration date of Allstate’s policy is "midnight” on December 31, 1971 and the commencement date of Leather- *146 by’s policy is also "midnight” on December 31, 1971. Research has failed to disclose any definition of the word "midnight” as related to a specific date. Section 19 of the General Construction Law defines a calendar day as follows: "A calendar day includes the time from midnight to midnight.” Apparently, "midnight” occurs twice on any given day, once at its beginning and again at its end. The World Book Encyclopedia (vol D, p 46), under caption day, states: "Each day begins at midnight and lasts until the next midnight, * * * the forenoon or a.m. is from midnight to noon, the afternoon or p.m. is from noon to midnight.” Considering these two policies, however, the word "midnight” is ambiguous, and the court may therefore properly look to the intention of the parties.
The policies were issued in order to permit registration of the vehicle with the Department of Motor Vehicles. The court may take judicial notice that the registration period for taxicabs is the calendar year. It is unlikely that Allstate intended that the expiration date of its policy would be one day before the expiration of the vehicle’s registration or that Leatherby intended that the inception date of its policy would be one day before the vehicle’s registration for the year 1972. Such conclusion is consistent with the general rule of construction that in computing periods of time the inception period be excluded and the termination period be included. (General Construction Law, § 20; Metropolitan Life Ins. Co. v Schmidt, 299 NY 428; H. E. & S. Transp. Corp. v Checker Cab Sales Corp., 271 NY 239.) It is also consistent with ordinary English usage of the word "midnight” on a given day as being the end rather than the beginning of that day.
Accordingly, the court holds that "midnight” as used in the aforesaid insurance policies means the end of December 31, 1971 as the termination of Allstate’s policy and the inception of Leatherby’s policy. The Allstate policy was therefore in effect at the time the accident occurred and the Leatherby policy was not. The arbitration sought by respondent Villafana should be permanently stayed.