In the Matter of the Estate of JUAN BRILLON, Deceased.

In the Matter of the Estate of CRUZ BRILLON, Deceased.

Surrogate's Court, Bronx County, December 29, 1988

### APPEARANCES OF COUNSEL

*Alan S. David* for movant. *Radin & Kleinman (Abraham N. Kleinman* of counsel), for respondents.

### OPINION OF THE COURT

LEE L. HOLZMAN, S.

In what are essentially contested applications for letters of administration in the above estates, the court entered an

order on October 6, 1988, which, *inter alia,* directed decedents' sons to answer interrogatories within 20 days of the entry of the order and further directed that decedents' daughter be deposed on November 30, 1988. Predicated upon the failure of respondents to answer the interrogatories as directed, decedents' daughter moved pursuant to CPLR 3126 and 5015 to prohibit respondents from opposing her designation as administratrix of the above estates.

The return date of this motion was November 23, 1988. Movant mailed the notice of motion and supporting papers to counsel for respondents on November 10, 1988. Respondents allege that the court does not have jurisdiction to entertain the motion because it was not timely served upon them pursuant to CPLR 2214 and 2103 (b) (2).

The applicable time period for service of a notice of motion and supporting papers is eight days before the date on which the motion is noticed to be heard (CPLR 2214 [b]). In the instant case, since service was made by mail, five days must be added to the prescribed period (CPLR 2103 [b] [2]). It cannot be reasonably argued that November 10, the date the papers were mailed, is not 13 days before November 23, the return date of the motion (23−10=13). However, respondent contends that General Construction Law § 20 requires that a notice of motion must be mailed 14 days prior to the return date because neither the date of mailing nor the return date of the motion can be included in the computation. The court cannot agree that 8 and 5 adds up to 14. In computing a period of time it is usual to exclude the reckoning date or the first day but then the last day of the period must be included *(Leatherby Ins. Co. v Villafana,* 82 Misc 2d 144, 146; *Seminole Hous. Corp. v M & M Garages,* 78 Misc 2d 755, 758, *mod on other grounds* 78 Misc 2d 762, *affd* 47 AD2d 651). Consequently, in determining whether the requisite additional days' notice required by the mailing had been completed by November 15, one must either include the 15th and conclude that the requirement was met by counting the 11th through the 15th, or include the 10th and conclude that the requirement was met by counting the 10th through the 14th. Accordingly, it is determined that the papers were timely served and that this court has jurisdiction to determine the motion.