**DANIEL D. RAPPA, INC., Daniel D. Rappa, Sallie Rosenberg and New Castle County, Defendants Below, Appellants,**

v.

**Eugene H. ENGELHARDT, Carol E. Engelhardt, Louis Backman, Marsha Backman, John W. Ireland and Beverly B. Ireland, Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

July 30, 1969.

H. Albert Young, Bruce M. Stargatt of Young, Conaway, Stargatt & Taylor, Frank O'Donnell of O'Donnell, Hughes & Lowicki, Wilmington, for Daniel D. Rappa, Inc., Daniel D. Rappa and Sallie Rosenberg, and Clarence W. Taylor, Wilmington, for New Castle County, appellants.

William Prickett of Prickett, Ward, Burt & Sanders, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY, J., and STIFTEL, President Judge, sitting.

WOLCOTT, Chief Justice:

This is an appeal from a judgment of the Court of Chancery enjoining the action of the Levy Court of New Castle County in rezoning certain lands of Daniel D. Rappa, Inc.

The determinative question before us is: Did the savings clause of the 1966 Amendment to Article XX of the Zoning Code of New Castle County apply to petitions for zoning change which had been filed and finally acted upon by the Levy Court as of the date of adoption of the amendment, as well as to those petitions which had been filed and were pending as of that date?

The chronology is important. In February, 1960, Rappa filed a petition seeking the rezoning of the land in question from R–2 to C–1, which was denied in July, 1960. See Rappa, Inc. v. Hanson, Del.Sup., 209 A.2d 163 (1965). On August 23, 1960, the Levy Court amended Article XX of the Zoning Code as follows:

> "No petition for amendment, change or modification of any zoning classification or district with respect to any land which has been the subject of a prior rezoning proceeding shall be filed within six months after final action by the Levy Court upon the prior proceeding.

> "The above amendment shall not affect the validity of *any pending rezoning petition which has not been finally acted upon by the Levy Court* prior to the date of this resolution." (Emphasis added)

In May, 1965, Rappa filed a second petition seeking to have the land rezoned from R–2 to C–2. In March, 1966, the Levy Court denied the second petition. On June 21, 1966, the Levy Court further amended Article XX of the Zoning Code by changing the six-month rule to a twelve-month rule as follows:

> "No petition for amendment, change or modification of any zoning classification with respect to any land which has been the subject of a prior rezoning proceeding shall be filed within one year after the final action by the Levy Court upon the prior proceeding.

> "The above amendment shall not affect *any rezoning petitions which have been filed* prior to the date of this resolution." (Emphasis added)

In October, 1966, Rappa filed a third petition for the rezoning of the land in question, this time from R–2 to C–2 in part and R–4 in part. On December 30, 1966, the Levy Court changed the zoning classification of the entire parcel from R–2 to R–4. Neighboring property owners thereupon instituted this action on the ground that compliance with the "one-year rule" of the 1966 amendment was a condition precedent to a refiling, and that because only eight months had passed between the March, 1966 denial and Rappa's refiling in October, 1966, the petition must be dismissed.

The Court of Chancery held that the "one-year rule" of the 1966 amendment invalidated the Levy Court's action. Its decision was based on the view that the savings clause excepted from the operation of the amendment only those petitions upon which final action had not been taken as of June 21, 1966. Rappa appealed.

Rappa contends that the savings clause of the 1966 amendment exempted the petition filed in October, 1966 from the one-year rule, regardless of whether final action was taken on that petition prior to June 21, 1966. We agree.

There are significant differences in the language used in the savings clause of the 1966 amendment and the language of the savings clause of the 1960 amendment. Expressly eliminated from the 1966 amendment was the requirement of the 1960 amendment that the rezoning petition be "pending" and "not * * * finally acted upon by the Levy Court" prior to the date of the amendment. Substituted therefor in the 1966 amendment was the simple reference to petitions "filed" prior to the date of the amendment.

The effect of the ruling below is to disregard this change of language and to read into the June, 1966 amendment the wording of the 1960 amendment, and to give it the same meaning. This, in our opinion, was error.

It is significant, we think, that the 1966 amendment changed the language of the savings clause. When a legislative body, which the Levy Court was, amends its prior enactment by a material change of language, the rule of statutory construction presumes that a change in meaning was intended. 1 Sutherland, Statutory Construction (3rd Ed.), § 1930.

Eliminated by the 1966 savings clause was the requirement that the petition be "pending" and "not * * * finally acted upon by the Levy Court." In place of this requirement, the 1966 provision saved all petitions which had been "filed" prior to the date of the amendment. The meaning of the word is plain and clear. It contains no ambiguity and thus there is no room for interpretation. Since Rappa had filed its petition prior to the date of the 1966 amendment, the savings clause is applicable to it.

This construction of the 1966 savings clause was applied in at least one other rezoning proceeding before the Levy Court. See Rezoning Petition of Magness Construction Company, Petition No. 1144–Z, November 15, 1966. The practical interpretation placed by a governmental body upon its own rules and regulations is entitled to great weight, unless it is so unreasonable or unnatural as to be a snare. Western Union Telegraph Co. v. United States, 2 Cir., 217 F.2d 579.

We think this interpretation is neither unreasonable nor unnatural. It may be, as the protestants argue, that the result creates an oddity, but that does not permit a court in the guise of construction to rewrite the provision to accomplish what is thought to be a more logical result. If that is desirable, the ordinance may be amended by the proper body, not the courts.

We conclude, therefore, from the change of language and the clear meaning of the word "filed" that the 1966 amendment savings clause saved petitions finally acted upon as of the date of the amendment, like Rappa's, as well as petitions still pending

and not acted upon as of that date. Rappa's third petition, therefore, was saved from the operation of the "one-year rule", and was not premature for the reason that it was filed within eight months after the denial of the second petition.

In view of the above, we do not reach the other grounds of appeal.

Accordingly, the judgment of the Court of Chancery will be reversed and the cause remanded for further proceedings consistent herewith.