**Louis BACHMAN and Martha Bachman, Plaintiffs,**

v.

**DANIEL D. RAPPA, INC., Daniel D. Rappa, Sallie Rosenberg and New Castle County, Defendants.**

Court of Chancery of Delaware, New Castle.

May 13, 1970.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs.

H. Albert Young, and Bruce M. Stargatt, of Young, Conaway, Stargatt & Tay-

lor, Wilmington, and Frank O'Donnell, of O'Donnell, Hughes & Lowicki, Wilmington, for Daniel D. Rappa, Inc., Daniel D. Rappa and Sallie Rosenberg.

Clarence W. Taylor, Wilmington, for New Castle County.

SHORT, Vice Chancellor:

Defendants in this action are the owners of a tract of land on the Lancaster Pike in Mill Creek Hundred, New Castle County, Delaware. On their application the fifteen-acre tract was rezoned by a resolution of the majority of the members of the Levy Court of New Castle County on December 30, 1966 from R–2 (agricultural and general purposes) to R–4 (multifamily residential).

Plaintiffs are the owners of residential property in Mill Creek Hundred. On January 5, 1967 they filed their complaint for an injunction against defendants' proposed use of the tract alleging procedural irregularities in the Levy Court's action and charging that the rezoning was "illegal, arbitrary and capricious."

On partial motion for summary judgment this court held the Levy Court's action invalid because of a violation of its so-called "one-year rule." On appeal the Supreme Court reversed and remanded the case to this court. See Daniel D. Rappa, Inc. v. Engelhardt, Del.Supr., 256 A.2d 744. The sole issue remaining for determination is whether the rezoning should be invalidated because the action of the Levy Court was arbitrary and capricious.

Defendants have filed a motion for summary judgment contending that there is no factual support in the record of the proceedings before the Levy Court to sustain plaintiffs' allegations. Except to point out that the Levy Court had denied previous applications for rezoning of the subject land to a C (commercial) classification plaintiffs make no claim that on the record made before the zoning body this court can declare the rezoning invalid. They contend, however, that they are not bound by the record made before the Levy Court and should be permitted to introduce evidence to show that the legislative body acted arbitrarily. Plaintiffs argue that there is precedent in this court which recognizes the right of a litigant in a zoning case to introduce evidence in support of his allegations. They cite Daniel D. Rappa, Inc. v. Hanson, Del.Supr., 209 A.2d 163, in which the Supreme Court affirmed this court's holding that the rezoning involved was arbitrary because the record of proceedings before the Levy Court was badly garbled, certain documents which had been presented to the Zoning Commission were not before the Levy Court or this court, and opponents of the rezoning had not been afforded a full hearing. That the cited case is not apposite to the issue here raised is apparent. Plaintiffs do not charge that they were deprived of a full hearing. Neither do they claim any irregularity in the procedure followed by the Levy Court or any deficiency in the record of its proceedings.

Plaintiffs cite Reinbacher v. Conly, 37 Del.Ch. 288, 141 A.2d 453, in which an affidavit of the members of the Levy Court setting forth the matters considered by them in arriving at their decision was filed and referred to by the court. The filing of this affidavit was obviously to correct what was considered to be a deficiency in the record, the resolution rezoning the land there involved being silent as to the reasons for the zoning change. In any event no issue was raised as to the propriety of the procedure.

Plaintiffs point also to the fact that in the instant case an affidavit has been filed on behalf of defendants in support of their motion. But this affidavit, by its own terms, which plaintiffs do not dispute, does no more than place before the court the record of proceedings before the Zoning Commission and the Levy Court. The record submitted appears to be full and complete, including the transcript of the public hearing and the opinion of the ma-

jority of the Levy Court. Plaintiffs make no contention to the contrary. If the record is in fact incomplete plaintiffs have not seen fit to introduce the remainder or any other portions thereof.

 The Levy Court in rezoning land exercises a legislative function. Dukes v. Shell Oil Company, 40 Del.Ch. 174, 177 A.2d 785, affirmed *sub nomine* McQuail v. Shell Oil Company, 40 Del.Ch. 396, 183 A. 2d 572. Its judgment is presumed to be reasonable and valid and the burden of clearly showing the contrary is on the person who attacks the amendment. McQuail v. Shell Oil Company, supra. In reviewing an amendment the court cannot retry the factors upon which the Levy Court made its determination and substitute the court's judgment for that of the zoning authority. The court's role is to see that a fair and full hearing is accorded to interested persons. When that is admitted, as here, or has been so determined, the rezoning decision must be held valid "unless demonstratively arbitrary or capricious." Allen v. Donovan, Del.Supr., 239 A.2d 227.

In the face of a charge that the zoning body's action is arbitrary, to what may the court look in its determination of that issue? The answer, in my opinion, is obvious, that is, the evidence which was before that body. Otherwise opponents of the rezoning could simply ignore the public hearing and assert their objections for the first time in this court. The result would be a substitution of the court's judgment for that of the zoning authority based upon evidence which that body had never had the opportunity to consider. The intent and purpose of the statute in delegating legislative power to the Levy Court and in providing for a public hearing would thus be frustrated. Moreover, the test of whether action is arbitrary or not depends on the facts upon which the action is based. If the facts before the Levy Court reasonably justify rezoning the decision cannot be held arbitrary because of other facts unknown to its members.

Plaintiffs' observance of the Levy Court's prior consistent residential zoning in the area of the subject land cannot lead to the conclusion that the rezoning was arbitrary. The fact is that the zoning body adhered to its prior determinations in denying that part of the application which sought a C classification for part of the land. Nor is it of moment that the Levy Court saw fit to rezone the entire parcel to R–4 though such rezoning was not sought for the entire tract. Rezoning of the whole was applied for and I am satisfied that the Levy Court acted within its discretion in applying the more limited R–4 use to that portion of the land for which the C classification was sought. Moreover, zoning regulations should be progressive, not static. Shellburne, Inc. v. Roberts, Del. Supr., 224 A.2d 250. The fact that the zoning authority has consistently followed a certain course in a certain area does not have the effect of placing that body in a strait jacket with the result that no changes in the area are permissible.

Since plaintiffs raise no genuine issue as to any material fact and they have failed to sustain their burden of proving that the action of the Levy Court was arbitrary defendants' motion for summary judgment must be granted. An order accordingly will be signed on presentation.