# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ACW CORPORATION a/k/a ARBY'S, and EASTERN ALLIANCE INS. CO., as Subrogee of SHANARA DEVON WATERS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N18C-02-004 CLS |
| CHRISTOPHER ROBERT MAXWELL, and DONEGAL MUTUAL INS. CO. a/k/a DONEGAL INS. GROUP, | ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: June 26, 2019
Date Decided: July 10, 2019

*On Defendants' Motion for Summary Judgment*
**Granted**

*On Plaintiffs' Cross-Motion for Summary Judgment*
**Denied**

Gary W. Alderson, Esquire, Elzufon Austin & Mondell, P.A., Wilmington, Delaware, Attorney for Plaintiff.

Colin M. Shalk, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, Attorney for Defendants.

**Scott, J.**

Plaintiff ACW Corporation ("Arby's") and its workers' compensation insurer, Plaintiff Eastern Alliance Insurance Company ("Eastern Alliance"), as subrogee of Shanara D. Waters, filed this subrogation suit against Defendants Christopher Maxwell and Donegal Mutual Insurance Company, Maxwell's automobile insurance carrier, seeking reimbursement of $13,133.25 in workers' compensation benefits paid to Ms. Waters.[1]  At issue is whether $12,500 of the total amount sought by Plaintiffs is eligible for reimbursement under 19 *Del. C.* § 2363.

## Background

Ms. Waters, acting in the course and scope of her employment, was injured in a motor vehicle accident in February 2016 when a motor vehicle operated by Defendant Maxwell drove into her vehicle.[2]  Thereafter, Ms. Waters filed a petition with the Industrial Accident Board ("IAB") indicating that she had been unable to work since the time of the motor vehicle collision as a result of the injuries she sustained.[3]  In the months that followed, Ms. Waters and Eastern Alliance, on behalf of Arby's, agreed to a settlement.  The terms of this settlement became a petition for commutation filed with the IAB in December 2017, which was subsequently approved in January 2018.[4]  Pursuant to the IAB's Stipulation & Order for

---

[1] Pls.' Compl.
[2] *Id.* ¶ 6-7.
[3] Ex. A at 3 of Pls.' Cross-Mot for Summ. J. [hereinafter, "Pls.' Cross-Mot."].
[4] *Id.*

2

Commutation between Ms. Waters and Arby's (the "Commutation Agreement"), the terms of the settlement provided for the following:

> The parties have agreed to commute any and all workers' compensation benefits including, but not limited to, temporary total disability benefits, temporary partial disability benefits, permanent impairment benefits, disfigurement benefits, death benefits and past, present and future medical benefits, to which [Ms. Waters] may now be or in the future become entitled, pursuant to the provisions of 19 Del. C. §§ 2322, 2324, 2325, 2326, and 2330.[5]

Plaintiffs filed this action in February 2018, seeking reimbursement of the $13,133.25 paid in workers' compensation benefits to Ms. Waters.[6] Defendants thereafter filed a Motion for Summary Judgment, asserting that $12,500 of the $13,133.25 claimed is for matters not recoverable under the Workers' Compensation Act.[7] In response, Plaintiffs filed a Cross-Motion for Summary Judgment.[8]

## Parties' Assertions

Defendants argue that commuted future benefits are not recoverable under the Workers' Compensation Act. Included in Defendants' motion is the sworn affidavit of Joel H. Fredricks, Esq., counsel for Ms. Waters. Mr. Fredricks states that all of the medical bills and lost wages related to the motor vehicle accident were submitted to and paid by the personal injury protection ("PIP") carrier except for medical bills

---

[5] Ex. C of Defs.' Mot. ¶ 3 (Stipulation & Order for Commutation) [hereinafter, "IAB Commutation Order].
[6] Pls.' Compl. ¶ 8.
[7] Defs.' Mot.
[8] Pls.' Cross-Mot.

3

in the amount of $633.25.[9] Mr. Fredricks further avers that, at the time of the Commutation Agreement, Ms. Waters did not have any outstanding medical expenses, any present claims for lost wages, or any medical reports identifying future medical expenses or lost wages.[10] Defendants contend that Section 2363 did not require Eastern Alliance to grant a commutation, thus any amount paid to Ms. Waters under the Commutation Agreement for future claims were "speculative" and "based upon nothing."[11]

According to Plaintiffs, it is irrefutable that the commutation paid to Ms. Waters is a qualified payment under Section 2363 because the terms of the Commutation Agreement included potential future workers' compensation benefits.[12] Plaintiffs contend that there is no distinction between an amount sought in subrogation and the purely speculative future damages Waters could have collected herself from the tortfeasor.[13]

---

[9] Fredricks Aff. ¶ 3.
[10] *Id.* ¶ 5.
[11] Defs.' Resp. to Cross-Mot. for Summ. J. ¶ 3; *see id.* ¶¶ 7-8 ("At the time of the commutation settlement there was actually nothing due to Waters and no proof submitted to the Board that anything ever would be due.").
[12] Pls.' Cross-Mot. ¶ 3(f).
[13] *Id.* ¶ 5(e).

## Standard of Review

Summary judgment is appropriate where the record indicates that there are no genuine issues of material fact.[14] However, if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances, summary judgment will be denied.[15] The moving party bears the burden of demonstrating the absence of material issues of fact.[16] In determining whether the moving party has satisfied this burden, the Court must view the evidence in the light most favorable to the non-moving party.[17] Where, as here, the parties have filed cross-motions for summary judgment, the standard for summary judgment is not altered.[18]

## Discussion

Section 2363(e) of the Delaware Workers' Compensation Act provides for an employer's right to reimbursement and reads as follows, in relevant part:

> (e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee . . . would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after

---

[14] Del. Super. Ct. Civ. R. 56(c).
[15] *Burris v. Penn Mart Supermarkets, Inc.,* 2006 WL 2329373, at *1 (Del. Super. Ct. July 13, 2006) (citing *Ebersole v. Lowengrub,* 180 A.2d 467, 468–69 (Del. 1962)).
[16] *Moore v. Sizemore,* 405 A.2d 679, 680 (Del. 1979).
[17] *United Vanguard Fund, Inc. v. Takecare, Inc.,* 693 A.2d 1076, 1079 (Del. 1997); *Brzoska v. Olson,* 668 A.2d 1355, 1364 (Del. 1995).
[18] *Total Care Physicians, P.A. v. O'Hara,* 798 A.2d 1043, 1050 (Del. Super. Ct. 2001) (citing *United Vanguard Fund, Inc. v. TakeCare, Inc.,* 693 A.2d 1076, 1079 (Del. 1997)).

5

deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee . . . and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.[19]

Defendants contend that the first sentence of Section 2363(e) provides that the measure of damages recoverable to an injured employee are those that the employee would be able to recover "in an action in tort," and thus commutation, permanent partial disability payments, and other benefits exclusively created by the Act are not recoverable from a third party tortfeasor.[20] Plaintiff says the statute's second sentence expands the form of available recovery but the damages result from personal injury.

Here, all lost wages and all but $633.25 of the medical expenses from the motor vehicle collision were paid by the PIP carrier. Plaintiffs cannot offer evidence that any of the $12,500 commutation are damages resulting from the personal injuries Ms. Waters suffered from the motor vehicle collision. There is no dispute.

Based on the parties' filings and oral arguments, any damages related to the commutation would be speculative and not proved with reasonable probability. The

---

[19] 19 *Del. C.* § 2363(e); *see also Dickinson v. E. R.R. Builders*, 378 A.2d 650, 651 (Del. Super. Ct. 1977).

[20] Defs.' Mot. for Summ. J. ¶¶ 12-13 ("Section 2636 makes it clear that while the employer or the worker's [sic] compensation carrier may pursue its own claim under subsection (a) for a tort claim the worker's [sic] compensation carrier can only recover those claims in tort.").

6

amount paid to Ms. Waters for medical bills associated with the motor vehicle accident are entitled to reimbursement. Accordingly, the Court orders $633.25 to Plaintiffs.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED.** Plaintiffs' Cross-Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

**Judge Calvin L. Scott, Jr.**